UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MAX MINDS, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:24-cv-00779-JPH-MG |
| | ) | |
| TRIANGLE EXPERIENCE GROUP, INC., | ) | |
| ROBERT CLARE, JEFFREY MASE, | ) | |
| KEVIN MULLICAN, and JOHN DOES 1-10, | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS ROBERT CLARE, JEFFREY MASE, KEVIN MULLICAN, AND JOHN DOES 1-10'S BRIEF IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Marc T. Quigley, Atty. No. 21054-53
**KRIEG DeVAULT LLP**
12800 North Meridian Street, Suite 300
Carmel, Indiana 46032
Tel: (317) 566-1110
Fax: (317) 636-1507
mquigley@kdlegal.com


Alexandra Wilson Pantos, Atty. No. 37003-49
**KRIEG DeVAULT LLP**
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
Tel: (317) 636-4341
Fax: (317) 636-1507
awilson@kdlegal.com

Richard D. Kelley, Esq., *admitted pro hac vice*
Raighne C. Delaney, Esq., *admitted pro hac vice*
Stephen D. Caruso, Esq., *admitted pro hac vice*
**BEAN, KINNEY & KORMAN, PC**
2311 Wilson Boulevard, Suite 500
Arlington, VA  22201
Tel: (703) 525-4000
Fax: (703) 525-2207
rkelley@beankinney.com
rdelaney@beankinney.com
scaruso@beankinney.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES .............................................................................................. ii

INTRODUCTION ............................................................................................................. 1

FACTS PLED RELATING TO THE INDIVIDUAL DEFENDANTS AND JOHN DOE
DEFENDANTS .................................................................................................................. 1

LEGAL STANDARD......................................................................................................... 2

ARGUMENT ..................................................................................................................... 3

    I.    The Court Lacks General Jurisdiction Over the Individual Defendants............................ 4

    II.    The Court Lacks Specific Jurisdiction Over the Individual Defendants ....................... 5

    III.    The Court Lacks Personal Jurisdiction Over the John Doe Defendants........................ 9

CONCLUSION............................................................................................................... 10

# TABLE OF AUTHORITIES

## Cases

*1.4G Holdings, LLC v. N. Cent. Indus., Inc.*, No. 1:23-cv-00037, 2023 U.S. Dist. LEXIS 237158, at *8 (S.D. Ind. Oct. 6, 2023)..................................................................................... 5

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) ............................................................................................................................. 8

*Am. Girl, LLC v. Nameview, Inc.*, 381 F. Supp. 2d 876, 880-81 (E.D. Wi. 2005) ....................... 10

*API v. Bullseye Auto. Prods.*, No. 1:13-cv-0112, 2014 U.S. Dist. LEXIS 47594, at *4-7 (S.D. Ind. Apr. 7, 2014)........................................................................................................... 7, 8

*Bilek v. Fed. Ins. Co.*, 8 F.4th 581 (7th Cir. 2021)......................................................................... 6

*BNSF Ry. v. Tyrrell*, 581 U.S. 402, 413 (2017) ............................................................................. 3

*Cent. States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000)........................................................................................................... 6, 7

*Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014) ....................................................................... 4

*Egan v. Huntington Copper, LLC*, 12 C 9034, 2014 U.S. Dist. LEXIS 18673, at *7-8 (N.D. Ill. Apr. 10, 2014).................................................................................................................. 6, 7

*Flowers v. Bell,* No. 1:21-cv-01812, 2022 U.S. Dist. LEXIS 174652, at *15 (S.D. Ind. Sept. 27, 2022) .................................................................................................................................. 9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)............................ 4

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ........................................................... 3, 8

*Kitt Holdings, Inc. v. Mobileye B.V.*, No. 1:17-cv-2421, 2018 U.S. Dist. LEXIS 115769, at *3 (S.D. Ind. Jul. 11, 2018)...................................................................................................... 4

*Langone v. Patrick Kaiser & Fanduel, Inc.*, No. 12 C 2073, 2013 U.S. Dist. LEXIS 145941, at *15 (N.D. Ill. Oct. 9, 2013).............................................................................................. 9, 10

*Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 881 (7th Cir. 2019) ....................................... 3

*Lovett v. Steak N' Shake,* No. 4:21-cv-00010, 2022 U.S. Dist. LEXIS 35480, at *5 (S.D. Ind. Mar. 1, 2022)...................................................................................................................... 2

*Moore v. Alaska Airlines, Inc.*, No. 19 C 2951, 2019 U.S. Dist. LEXIS 191622, at *11 (N.D. Ill. Nov. 5, 2019) ................................................................................................................ 9, 10

*N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014)............................................. 5

*Naderi v. ResMed Inc.*, No. 1:22cv459, 2023 U.S. Dist. LEXIS 146126, at *4 (N.D. Ind. Aug. 21, 2023) .......................................................................................................... 2, 3, 4, 5, 8, 9

*Pinstripe Holdings, Inc. v. Doe,* No. 17-cv-1331, 2017 U.S. Dist. LEXIS 171499, at *7-8 (E.D. Wi. Oct. 17, 2017).............................................................................................................. 9

*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)................... 2

*Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*, No. 1:17-cv-00949, 2017 U.S. Dist. LEXIS 150853, at *20 (S.D. Ind. Sept. 18, 2017) ........................................................ 6, 7, 8

*Rogers v. City of Hobart*, 996 F.3d 812, 818 (7th Cir. 2021)........................................................ 2

*Soc'y for Diversity v. Dtui.Com, LLC*, 2020 U.S. Dist. LEXIS 131195, at *21-22 (S.D. Ind. 2020) ................................................................................................................................................ 8

*Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).............................................................. 2

*Turnbeaugh v. Bd. of Certified Safety Pros.*, No. 1:22-CV-887, 2023 U.S. Dist. LEXIS 28129, at *9-10 (S.D. Ind. Feb. 21, 2023) ............................................................................... 4

*uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425-26 (7th Cir. 2010) ...................................... 5

*Vera Bradley Designs, Inc. v. Denny*, No. 1:18-CV-70, 2018 U.S. Dist. LEXIS 127391, at *15-16 (N.D. Ind. Jul. 30, 2018) ........................................................................................ 5

*Walden v. Fiore*, 571 U.S. 277, 285 (2014) .................................................................... 6, 7

*Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) .................................................... 9

*Young v. Colgate-Palmolive Co.*, 790 F.2d 567, 569-70 (7th Cir. 1986) ...................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(2) ........................................................................................... 2

iii

Defendants Robert Clare, Jeffrey Mase, Kevin Mullican ("Individual Defendants") and John Does 1-10 ("John Doe Defendants") respectfully submit their Brief in Support of the Motion to Dismiss Plaintiff Max Minds, LLC's ("Max") Complaint for Lack of Personal Jurisdiction and request that the claims brought against the Individual Defendants and John Doe Defendants be dismissed, with prejudice.

## INTRODUCTION

Max's allegations relating to the Individual Defendants and John Doe Defendants are scant, at best. Personal jurisdiction does not exist over the Individual Defendants because they are not domiciled in Indiana, have no personal relationship with Indiana, and have never, or rarely ever, traveled to Indiana. The only tenuous connection the Individual Defendants have with Indiana is their corporate affiliation with Defendant Triangle Experience Group, Inc. ("TEG"), which cannot serve as a basis for personal jurisdiction. The John Doe Defendants are named as anonymous defendants, yet in its complaint, Max has not set forth any allegations to suggest that personal jurisdiction is appropriate for these unknown individuals. In fact, the reality is that the anonymous "employees" of TEG also do not reside in Indiana – for no TEG employees do – and their only connection with Indiana would be, similarly and at best, due to their employment with TEG. Max is unable to meet its burden to establish personal jurisdiction, whether that be via a prima facie showing or by a preponderance of the evidence, and the Individual Defendants and John Doe Defendants must be dismissed.

## FACTS PLED RELATING TO THE INDIVIDUAL DEFENDANTS AND JOHN DOE DEFENDANTS

Regarding the Individual Defendants and John Doe Defendants, Max alleges as follows. Defendant Robert Clare is the President and CEO of TEG. (Compl. ¶ 15, Dkt. 1). Defendant Jeffrey Mase is the Chief Operating Officer of TEG. (*Id.* at ¶ 16). Defendant Kevin Mullican is an

employee of TEG with the title Program Manager. (*Id.* at ¶ 17). Defendants John Does 1-10 are

employees of TEG whose true names and identities are not yet known but who will be identified

in discovery in this case. (*Id.* at ¶ 18). Max communicated with TEG through the Individual

Defendants. (*Id.* at ¶¶ 75, 76, 79, 80). The Individual Defendants acted for or on behalf of TEG.

(*Id.* at ¶¶ 75, 76, 77). The Individual Defendants knew about TEG's exposure of Max's source

code and directed or authorized TEG or TEG employees to disclose the source code. (*Id.* at ¶¶ 107-

108, 151, 161, 172, 179, 185, 196).

## LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) tests a court's ability to exercise its

power over a defendant. After a defendant files a Fed. R. Civ. P. 12(b)(2) motion, the plaintiff

bears the burden of proving personal jurisdiction over the defendant. *See Rogers v. City of Hobart*,

996 F.3d 812, 818 (7th Cir. 2021). When a Fed. R. Civ. P. 12(b)(2) motion is decided based on the

submission of written materials, the plaintiff must make a "prima facie showing of jurisdictional

facts" and "must go beyond the pleadings and submit affirmative evidence supporting the exercise

of jurisdiction." *Naderi v. ResMed Inc.*, No. 1:22cv459, 2023 U.S. Dist. LEXIS 146126, at *4

(N.D. Ind. Aug. 21, 2023) (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010);

*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). "When the .

. . court holds an evidentiary hearing to determine [personal] jurisdiction, the plaintiff must

establish [personal] jurisdiction by a preponderance of the evidence." *Lovett v. Steak N' Shake*, No.

4:21-cv-00010, 2022 U.S. Dist. LEXIS 35480, at *5 (S.D. Ind. Mar. 1, 2022) (citing *Purdue*, 338

F.3d at 782).

Indiana's long arm statute extends to the limits of federal due process, so the Court need

only address whether the exercise of personal jurisdiction comports with the Due Process Clause

of the Constitution. *Naderi*, 2023 U.S. Dist. LEXIS 146126 at *4. A defendant is subject to personal jurisdiction in a state only if the defendant had minimum contacts with the forum such that subjecting the defendant to suit does not offend "traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Two types of personal jurisdiction exist: general ("all-purpose") jurisdiction, and specific ("case-linked") jurisdiction. *Naderi*, 2023 U.S. Dist. LEXIS 146126 at *5. A court has general jurisdiction when the defendant's affiliations with the forum state are so continuous and systematic as to render it essentially "at home" in the forum state. *Id.* (citing *BNSF Ry. v. Tyrrell*, 581 U.S. 402, 413 (2017)). Specific jurisdiction over a defendant arises when a defendant "purposefully avail[s] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* at *6 (quoting *Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 881 (7th Cir. 2019)).

## ARGUMENT

The Individual Defendants are not subject to this Court's personal jurisdiction because they all live outside of Indiana, have never, or rarely ever, traveled to Indiana, and lack sufficient minimum contacts with Indiana to justify haling them into this Court. Max does not plead any facts to suggest otherwise, including, for example, by omitting any reference to the Individual Defendants in the "Jurisdiction and Venue" section of its Complaint. Similarly, the John Doe Defendants are properly dismissed because Max fails to allege any facts to suggest that they should be subject to this Court's jurisdiction, and moreover, such anonymous pleading is not permitted in this Court.

I.    **The Court Lacks General Jurisdiction Over the Individual Defendants**

The Individual Defendants are not subject to this Court's general jurisdiction because they are not domiciled in Indiana and have no personal connection with this state. Indeed, for individuals, the "paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Kitt Holdings, Inc. v. Mobileye B.V.*, No. 1:17-cv-2421, 2018 U.S. Dist. LEXIS 115769, at *3 (S.D. Ind. Jul. 11, 2018) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014)). Defendant Robert Clare lives in Texas. *See* Decl. of R. Clare, **Exhibit A**. Defendant Jeffrey Mase lives in New Jersey. *See* Decl. of J. Mase, **Exhibit B**. Defendant Kevin Mullican lives in California. *See* Decl. of K. Mullican, **Exhibit C**. The Individual Defendants' domiciles, alone, make general jurisdiction absent. *See Turnbeaugh v. Bd. of Certified Safety Pros.*, No. 1:22-CV-887, 2023 U.S. Dist. LEXIS 28129, at *9-10 (S.D. Ind. Feb. 21, 2023) ("[s]ystematic and continuous contacts with Indiana aren't enough for general personal jurisdiction over natural persons when it's undisputed that they were domiciled elsewhere — their domiciles determine general personal jurisdiction.") (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).

The Individual Defendants have never lived in Indiana, owned real or personal property in Indiana, or conducted any personal business in Indiana. *See* Exs. A-C. Mr. Mase has never been to the state of Indiana. *See* Ex. B. Mr. Mullican has only ever been to the state of Indiana once, in 1991, while traveling to college. *See* Ex. C. Mr. Clare has only ever traveled to the state of Indiana twice, both in his representative capacity as CEO for TEG, and was only present in the state for one (1) day on each occasion. *See* Ex. A. The Individual Defendants have no personal connection with Indiana and Max has not pled facts to suggest that the Individual Defendants' affiliations with Indiana are so continuous and systematic to render them "at home" in Indiana. *See Naderi*, 2023 U.S. Dist. LEXIS at *5. Rather, the Individual Defendants' limited, if any, contacts fail to meet

4

the "demanding standard" to establish general personal jurisdiction which "requires the defendant to have such extensive contacts with the state that it can be treated as present in the state for essentially all purposes." *1.4G Holdings, LLC v. N. Cent. Indus., Inc.*, No. 1:23-cv-00037, 2023 U.S. Dist. LEXIS 237158, at *8 (S.D. Ind. Oct. 6, 2023) (quoting *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425-26 (7th Cir. 2010)); *see Vera Bradley Designs, Inc. v. Denny*, No. 1:18-CV-70, 2018 U.S. Dist. LEXIS 127391, at *15-16 (N.D. Ind. Jul. 30, 2018) (even though individual defendant owned property in Indiana, general jurisdiction "turns on domicile" and because the defendant was not domiciled in Indiana, the court found that general jurisdiction did not exist). General jurisdiction has not been pled, and cannot be proven to exist, over the Individual Defendants.

## II.    The Court Lacks Specific Jurisdiction Over the Individual Defendants

Failing to establish general jurisdiction over the Individual Defendants, Max is left with proving specific jurisdiction. Max is unable to do so.

Specific jurisdiction may be found when: (1) "the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state"; (2) "the alleged injury arises out of the defendant's forum-related activities"; and (3) "[t]he exercise of specific jurisdiction [] comport[s] with traditional notions of fair play and substantial justice." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citations omitted). Specific jurisdiction is not based on the plaintiff's contacts with the forum state, but instead focuses on the defendants' contacts with the forum state. *Naderi*, 2023 U.S. Dist. LEXIS 146126 at *6.

When considering whether a defendant has purposefully directed its activities at the forum state, the Supreme Court has emphasized that "the plaintiff cannot be the only link between the

defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Moreover, the Seventh Circuit holds that a "business's contacts cannot be attributed to individual officers or directors for purposes of determining whether personal jurisdiction lies over the individuals." *Egan v. Huntington Copper, LLC*, 12 C 9034, 2014 U.S. Dist. LEXIS 18673, at *7-8 (N.D. Ill. Apr. 10, 2014) (citing *Young v. Colgate-Palmolive Co.*, 790 F.2d 567, 569-70 (7th Cir. 1986) (citing cases)). In other words, personal jurisdiction cannot be based on "corporate affiliation." *Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*, No. 1:17-cv-00949, 2017 U.S. Dist. LEXIS 150853, at *20 (S.D. Ind. Sept. 18, 2017) (citing *Cent. States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000)). This is because the "primary purpose of the corporate form is to prevent a company's owners . . . from being liable for the activities of the company." *Roche*, 2017 U.S. Dist. LEXIS 150853 at *23 (citing *Cent. States, Se. and Sw. Areas Pension Fund*, 230 F.3d at 944.

The Individual Defendants do not reside in Indiana, nor have any personal connection to Indiana. *See* Exs. A-C. The only, albeit tenuous, connection between the Individual Defendants and Indiana comes as the result of Individual Defendants' corporate affiliation with TEG, a Virginia corporation, and TEG's contractual relationship with Plaintiff, a company based in Indiana. Max's allegations make this clear. (*See* Compl. at ¶¶ 15-17, 75, 79, Dkt. 1). Max is plainly, yet impermissibly, relying upon the Individual Defendants' corporate affiliation with TEG as the sole basis for demonstrating personal jurisdiction by summarily describing the Individual Defendants, respectively, as the "President and CEO of TEG," "Chief Operating Officer of TEG," and "Program Manager" of TEG, without more. (*See id.*)[1] Precedent from the Seventh Circuit, and

---

[1] Max's conclusory and unsupported allegations that the Individual Defendants "personally disclosed" or directed TEG employees to disclose or copy Max's "trade secret" source code need not be accepted by the Court. (*see e.g.*, Compl. at ¶¶ 151, 161, 172,  Dkt. 1); *Bilek v. Fed. Ins. Co.*, 8 F.4th 581 (7th Cir. 2021) ("[W]e need not accept as true statements of law or unsupported conclusory factual allegations.") (citations

this Court, makes clear that the Individuals Defendants' affiliation with TEG cannot serve as a basis to establish personal jurisdiction. *See Cent. States, Se.,* 230 F.3d at 943; *Roche Diagnostics.,* 2017 U.S. Dist. LEXIS 150853 at \*20; *API v. Bullseye Auto. Prods.,* No. 1:13-cv-0112, 2014 U.S. Dist. LEXIS 47594, at \*4-7 (S.D. Ind. Apr. 7, 2014); *Egan,* 2014 U.S. Dist. LEXIS 18673, at \*8. Max's misplaced reliance upon the Individual Defendants' corporate affiliation is similar to the plaintiff's attempt in *API.* 2014 U.S. Dist. LEXIS 47594, at \*4-7. In *API,* the plaintiff argued that the Court had personal jurisdiction over the individual defendant because "he personally made the decision" for the defendant company to engage in the illegal, infringing activity. *Id.* at \*4. The Court declined to disregard the corporate shield, and dismissed the individual defendant, finding that the evidence and allegations were insufficient to establish that the individual defendant "deliberately targeted Indiana or otherwise purposefully availed himself to its laws." *Id.* at \*9. Max's lackluster allegations find the same fate.

Similarly, Max has demonstrated that the only connection between the Individual Defendants and Indiana is through Max, which the Supreme Court has held is not a valid basis for jurisdiction. *Walden,* 571 U.S. at 285 ("But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.") (citations omitted). Max allegations are similar to those in *Roche Diagnostics Corp.* 2017 U.S. Dist. LEXIS 150853 at \*20. In *Roche,* the plaintiff alleged that the Court had personal jurisdiction over the individual defendants because they participated in a fraudulent scheme to harm an Indiana company, i.e., the plaintiff. *Id.* The *Roche* Court dismissed the individual defendants, noting that they all resided

_____

omitted); *Roche,* 2017 U.S. Dist. LEXIS 150853 at \*23 (holding that the allegation that individual defendants "must have known" about company's alleged torts was insufficient to withstand 12(b)(2) motion). Indeed, Max does not provide any facts to support its conclusory statements.

outside of Indiana and that the plaintiff did not allege they had any direct contact with Indiana "beyond the harm they ostensibly caused Roche." *Id.* at *22. Indeed, for the Court to establish specific jurisdiction, it must be shown that the Individual Defendants had sufficient contacts with Indiana in their personal capacities, which Max has not pled, nor can it prove. *Id.* at *20 (granting motion to dismiss, holding "Individual Binson's Defendants would need to have sufficient contacts with Indiana *in their personal capacities* for this Court to have personal jurisdiction over them.") (emphasis added); *API*, 2014 U.S. Dist. LEXIS 47594 at *5 (granting motion to dismiss for lack of personal jurisdiction when all of the individuals' acts were done in capacity as shareholder of company and acting on behalf of company); *Soc'y for Diversity v. Dtui.Com, LLC*, 2020 U.S. Dist. LEXIS 131195, at *21-22 (S.D. Ind. 2020) (noting that there were "no allegations that [individual defendant] operated outside of his official capacity in allegedly infringing upon [plaintiff's] marks.")

And, to be clear, any allegation that the Individual Defendants caused harm to Max in Indiana is not adequate to establish specific personal jurisdiction. *See Roche Diagnostics,* 2017 U.S. Dist. LEXIS 150853 at *20 ("[t]he mere fact that [a] defendant's conduct affected plaintiffs with connection to the forum State does not suffice to authorize jurisdiction.") (citing *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014)).

In sum, subjecting the Individual Defendants to jurisdiction in this state, one in which they have never lived nor had any personal relationship, does not comport with the Due Process Clause and "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. Moreover, granting leave to amend is not proper because the Court lacks personal jurisdiction over the Individual Defendants. *See Naderi*, 2023 U.S. Dist. LEXIS 146126 at *8 ("[plaintiff] cannot amend against ResMed Inc. because the court lacks personal jurisdiction over this defendant.")

8

### III.     The Court Lacks Personal Jurisdiction Over the John Doe Defendants

Max has named "John Does 1-10" as anonymous defendants in this action, without pleading any facts to suggest that this Court has personal jurisdiction over these unidentified defendants. Max's inclusion of the anonymous defendants is improper for a variety of reasons, many of which are discussed in more detail in TEG's 12(b)(6) Motion to Dismiss filed contemporaneously herewith,[2] but the John Doe Defendants are also properly dismissed for lack of personal jurisdiction.

"[T]o properly plead a John Doe defendant, a plaintiff must be able to show that the Court has personal jurisdiction over John Doe." *Langone v. Patrick Kaiser & Fanduel, Inc.*, No. 12 C 2073, 2013 U.S. Dist. LEXIS 145941, at *15 (N.D. Ill. Oct. 9, 2013). Failure to do so makes a John Doe defendant properly dismissed. *See Moore v. Alaska Airlines, Inc.*, No. 19 C 2951, 2019 U.S. Dist. LEXIS 191622, at *11 (N.D. Ill. Nov. 5, 2019) (dismissing John Doe defendant on 12(b)(2) motion because John Doe was not based in Illinois and John Doe's actions occurred outside of Illinois)*; Langone*, 2013 U.S. Dist. LEXIS 145941 at *16 (dismissing John Doe defendants on motion to dismiss because plaintiff had no way of knowing where the hypothetical John Doe defendants resided, and therefore could not making a showing of personal jurisdiction); *Pinstripe Holdings, Inc. v. Doe*, No. 17-cv-1331, 2017 U.S. Dist. LEXIS 171499, at *7-8 (E.D. Wi. Oct. 17, 2017) (denying TRO against John Does for lack of personal jurisdiction because the John Does were not presently identified); *Am. Girl, LLC v. Nameview, Inc.*, 381 F. Supp. 2d 876,

---

[2] *See e.g., Naderi*, 2023 U.S. Dist. LEXIS 146126 at *8 ("This type of unnamed defendant must be dismissed because 'it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.'") (citing *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)); *see also Flowers v. Bell*, No. 1:21-cv-01812, 2022 U.S. Dist. LEXIS 174652, at *15 (S.D. Ind. Sept. 27, 2022) (dismissing John Doe defendants with prejudice on motion to dismiss because such anonymous parties "are not proper parties to a lawsuit in federal court.") (citing *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)).

880-81 (E.D. Wi. 2005) (denying TRO against John Doe, finding that John Does' only known contact with Wisconsin was its passive website and thus it is unlikely that the court could exercise personal jurisdiction).

Max makes a *singular* allegation against the John Doe Defendants: "Defendants John Does 1-10 are employees of TEG whose true names and identities are not yet known but who will be identified in discovery in this case." (Compl. at ¶ 18, Dkt. 1). The only other allegation that could even be inferentially imputed to the John Doe Defendants is the repeated, conclusory allegation that: "Defendants ROBERT CLARE, JEFFREY MASE, and KEVIN MULLICAN personally disclosed and/or caused, directed and authorized *employees of TEG* to disclose MAX's trade secret Haptic Federal Source Code without permission or authority of MAX." (*Id.* at ¶¶ 151, 161, 172, 179, 185, 196) (emphasis added). Max does not allege where the John Doe Defendants live or how their conduct could ever subject them to this Court's jurisdiction. Moreover, considering that TEG has no employees that are domiciled in Indiana, the John Doe Defendants are rightfully dismissed for the same reasons the Individual Defendants should be dismissed. (*See* Ex. A, *supra* §§ 1-2). In sum, federal pleading standards prohibit Max's attempt to include anonymous defendants, particularly considering the lack of facts relating to the John Doe Defendants. The John Doe Defendants must be dismissed for lack of jurisdiction. *See Moore*, 2019 U.S. Dist. LEXIS 191622 at *10; *Langone*, 2013 U.S. Dist. LEXIS 191622 at *15-16.

## CONCLUSION

For the foregoing reasons, the Individual Defendants and John Doe Defendants respectfully requests that the Court dismiss all counts against Defendants Robert Clare, Jeffrey Mase, Kevin Mullican, and John Does 1-10, with prejudice, for lack of personal jurisdiction and provide any and all further relief the Court deems just and proper.

Respectfully submitted,

/s/ Richard D. Kelley

Richard D. Kelley, Esq., *admitted pro hac vice*
Raighne C. Delaney, Esq., *admitted pro hac vice*
Stephen D. Caruso, Esq., *admitted pro hac vice*
**BEAN, KINNEY & KORMAN, PC**
2311 Wilson Boulevard, Suite 500
Arlington, VA  22201
Tel: (703) 525-4000
Fax: (703) 525-2207
rkelley@beankinney.com
rdelaney@beankinney.com
scaruso@beankinney.com


Marc T. Quigley, Atty. No. 21054-53
**KRIEG DeVAULT LLP**
12800 North Meridian Street, Suite 300
Carmel, Indiana  46032
Tel: (317) 566-1110
Fax: (317) 636-1507
mquigley@kdlegal.com

Alexandra Wilson Pantos, Atty. No. 37003-49
**KRIEG DeVAULT LLP**
One Indiana Square, Suite 2800
Indianapolis, Indiana  46204
Tel: (317) 636-4341
Fax: (317) 636-1507
awilson@kdlegal.com

*Attorneys for Defendants*