UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAX MINDS, LLC, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No.: 1:24-cv-00779-JPH-MG |
| ) | |
| TRIANGLE EXPERIENCE GROUP, INC., ) | |
| ROBERT CLARE, JEFFREY MASE, ) | |
| KEVIN MULLICAN, and JOHN DOES 1-10, ) | |
| ) | |
| *Defendants.* ) | |

**ROBERT CLARE, JEFFREY MASE, KEVIN MULLICAN, AND JOHN DOES 1-10'S REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendants Robert Clare, Jeffrey Mase, Kevin Mullican ("Individual Defendants") and John Does 1-10 ("John Doe Defendants"), by counsel and pursuant to Local Rule 7-1, file their Reply to Plaintiff Max Minds, LLC's ("Max") Opposition ("Max's Opposition" Dkt. 56) to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ("TEG's MTD" Dkt. 49, 50).

## INTRODUCTION

Max's Opposition elucidates that there are not well plead facts to support a finding of personal jurisdiction over the Individual Defendants or John Doe Defendants. Instead, Max continues to rely upon the conclusory allegation that the Individual Defendants "personally disclosed and/or caused, directed, and authorized employees of TEG to disclose" Max's trade secrets without identifying any other facts to support such a claim or a finding of personal jurisdiction. (Dkt. 1 at 15-16, 20-21, ¶¶ 107, 108, 151, 161). The Individual Defendants lack any personal connection with Indiana, and Max does not plead any facts that would justify hailing these individuals into this Court.

Max's Opposition does not attempt to address its failure to plead facts to support personal jurisdiction over the John Doe Defendants, making those anonymous defendants easily dismissed. Moreover, Max's request for leave to conduct jurisdictional discovery is not properly brought before the Court; nonetheless, Max's claims are not "colorable" and do not justify Max's request for a fishing expedition.

## ARGUMENT

### I. The Individual Defendants are Properly Dismissed for Lack of Personal Jurisdiction

#### A. *Max Concedes that the Court Lacks General Jurisdiction Over the Individual Defendants*

Max concedes that the Individual Defendants are not subject to general jurisdiction by choosing to not address general jurisdiction or TEG's positions. *See, e.g., Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Therefore, Max bears the burden of proving specific jurisdiction.

#### B. *Max Fails to Meet it Burden of Demonstrating Personal Jurisdiction Because the Facts Pled and Written Materials Submitted Show the Individual Defendants Lack Sufficient Minimum Contacts with Indiana*

Max has the burden of demonstrating that the Court has specific jurisdiction over the Individual Defendants and has failed to meet its burden. *Rogers v. City of Hobart*, 996 F.3d 812, 818 (7th Cir. 2021). The Individual Defendants are properly dismissed because they have no personal connection with this state and Max's conclusory allegations relating to the Individual Defendants are both wanting and unsupported.

For specific jurisdiction, due process requires that a non-resident "must have established his contacts with the forum state by purposefully availing himself of the privilege of conducting business there." *Roche Diagnostics v. Binson's Hosp. Supplies, Inc.*, No. 1:17-cv-00949, 2017 U.S. Dist. LEXIS 150853, at *19 (S.D. Ind. Sept. 18, 2017). Personal jurisdiction cannot be based

upon actions an individual took on behalf of a company. *API v. Bullseye Auto. Prods.*, No. 1:13-cv-0112, 2014 U.S. Dist. LEXIS 47594, at *4-9 (S.D. Ind. Apr. 7, 2014). To be clear, there are no allegations that any of the Individual Defendants conducted business, personally, in the state of Indiana. In fact, the Individual Defendants have all sworn in declarations that they do not conduct business in Indiana, and their limited appearances in, or connection to, Indiana is simply a result of their employment with TEG. (Dkt. 50-1, 50-2, 50-3). Max's addition of the term "personally" before its repeated, conclusory allegation (i.e., the Individual Defendants "personally" disclosed or directed TEG employees to disclose Max's source code, *see, e.g.,* Compl. ¶¶ 151, 161, Dkt. 1 at 20-21) is insufficient to confer jurisdiction over these individuals. *See API*, 2014 U.S. Dist. LEXIS 47594, at *4-6, n. 1. Rather, because "[Max] fails to make any allegations that clearly allege any wrongful conduct by [the Individual Defendants] in their personal capacities," they are properly dismissed. *Roche*, 2017 U.S. Dist. LEXIS at *20-21, 23 ("[t]he relation between the defendant and the forum must arise out of contacts that the defendant *himself* creates with the forum State." (emphasis in original).

Max attempts to obfuscate the issues before the Court by focusing on the "fiduciary shield doctrine" which is not applicable to the Court's consideration of Max's insufficient pleading. The Court's consideration of personal jurisdiction is separate from, and must come before, any finding of liability. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000) ([J]urisdiction and liability are two separate inquiries. . . .The fact that a defendant would be liable . . . if personal jurisdiction over it could be obtained is irrelevant to the question of whether such jurisdiction can be exercised."); *Egan v. Huntington Copper, LLC*, 12 C 9034, 2014 U.S. Dist. LEXIS 18673, at *11 (N.D. Ill. Feb. 14, 2014) ("Plaintiff cannot use the fiduciary shield doctrine to expand this Court's exercise of personal jurisdiction-the fiduciary

3

shield is just that, a shield, not a sword.") (cleaned up). Putting aside whether Indiana recognizes the "fiduciary shield doctrine" or not, Max is still required to plead facts to adequately demonstrate that the Individual Defendants, personally, have sufficient minimum contacts with this state to justify hailing them into this Court. Max has not done so, but instead relies upon a repeated, conclusory statement that the Individual Defendants "personally" engaged in TEG's bad acts and otherwise relies upon their alleged actions as employees. (Decl. B. Fischer at ¶¶ 14-16, Dkt. 56-1 at 3) ("The JVA was negotiated between MAX and TEG by me and Clare using the telephone and video calls while I was located in Indiana") (Clare met with Fischer in Indiana to "negotiate and negotiate new terms for the parties' [TEG and Max] relationship.") Max fails to plead facts to support a finding of personal jurisdiction, irrespective of the Court's consideration of any fiduciary shield doctrine.

The case law cited in Max's Opposition is inapposite, but if applied, supports TEG's MTD. For example, in *Honda,* the Court found that it had personal jurisdiction over the sole owner of the corporate defendant due to a series of allegations that demonstrated that the owner had disregarded corporate formalities to the detriment of the plaintiff and for his own personal gain. *Honda Mfg. of Ind. LLC v. Custom Machs., Inc.*, No. 1:15-cv-0042, 2016 U.S. Dist. LEXIS 169507, at *13 (S.D. Ind. Dec. 7, 2016) (noting that "stock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contact.") The *Honda* plaintiff alleged that the individual defendant: (i) exceeded his role as president of the company; (ii) caused the company to cease business operations to leave the company devoid of assets; (iii) personally sold off the company's assets; (iv) personally benefitted from the sale of the company's assets by satisfying personal debts; (v) transferred funds from the company's checking and savings accounts to his own personal accounts totaling $157,718.51; (vi) admitted that he did not maintain business records for his

4

companies and that many of the companies are "merely businesses 'on paper'"; and (vii) otherwise used the company to "serve his own personal economic interests." *Id.* at *4, 6, 7, 13-14. Max alleges nothing comparable to the allegations lodged in *Honda*. Instead, Max simply alleges that the Individual Defendants, "each individually, intentionally encouraged the company's infringing conduct," but provides no facts to suggest, or create any reasonable inference, that the individuals were acting for any personal interests or gain. (Max Opp., Dkt. 56 at 12).

Max's reliance on *Martin v. Maurer* is similarly unavailing. *Martin v. Maurer*, No. 1:15-cv-01471, 2016 U.S. Dist. LEXIS 75245, at *11-13 (S.D. Ind. 2016). In *Martin*, the individual defendant was dismissed because the Court found that the defendant's "litigation-specific conduct" was insufficient to support a finding of personal jurisdiction. *Id.* In Max's Opposition, and accompanying Declaration, it lodges new allegations that supposedly connect the Individual Defendants to Indiana, such as the Individual Defendants visited a website maintained by Max in Indiana, or that some of the Individual Defendants visited Indiana to "negotiate terms" of TEG and Max's agreements. (B. Fischer Decl., Dkt. 56-1 at 3, ¶¶ 12, 14). But these alleged connections between the Individual Defendants and Indiana have no bearing on Max's copyright claims. In other words, the Individual Defendants lack "litigation-specific" conduct to support a finding of personal jurisdiction. *Id.* at *11; (Dkt. 1, at 2, ¶ 2.)[1]

### C. *The SCLA and EULA's Forum Selection Clauses Are of No Import Because the Individual Defendants Are Not Parties to the SCLA and the EULA Relates to Jurisdiction in Hamilton County, Indiana*

The SCLA, an agreement between TEG and Max, has no binding effect upon the Individual Defendants who are not signatories, making any forum selection clause inapplicable to the Court's

---

[1] Max also cites to *Coach* to support its arguments, which is similarly unconvincing. *Coach, Inc. v. Diva's House of Style & Elizabeth Bond*, No. 3:11-CV-253, 2012 U.S. Dist. LEXIS 172381, at *26 (N.D. Ind. Dec. 5, 2012) (finding that individual used a business, which was potentially not even "legally cognizable," to "carry out her own willful and deliberate infringements, and did so to further her own personal interests.")

5

consideration of TEG's MTD. The EULA, an alleged shrink-wrap agreement, purports to prohibit users from contesting jurisdiction, but only in Hamilton County, Indiana. Of course, this case is not pending in Hamilton County, and moreover, the Individual Defendants, at best, "accepted" the EULA terms on behalf of TEG.

Max's reliance upon the "Submission to Jurisdiction" clause found in the SCLA to suggest the Court has personal jurisdiction over the Individual Defendants is unfounded because the Individual Defendants are not parties to the SCLA.[2] (SCLA, Dkt. 1-6 at 7, § 12(f)). The only Individual Defendant to sign the SCLA, Mr. Clare, expressly signed on behalf of TEG as "President." (*Id.* at 7). Therefore, the SCLA does not, and cannot, support a finding of personal jurisdiction over the Individual Defendants because it is not binding upon them.

Max's reliance upon the EULA's "Law, Jurisdiction, and Dispute Resolution" provision is equally flawed. (Dkt. 1-5 at § 9.4). The provision reads:

> Any action at law or in equity arising under this EULA shall be finally adjudicated or determined in any court or courts of the State of Indiana, or of the United States of America, in Hamilton County, Indiana and the parties hereto hereby submit generally and unconditionally to the personal and exclusive jurisdiction and venue of these courts in respect to any such matter and consent to service of process by any means authorized by Indiana law.

*Id.*

The EULA purportedly prohibits users from contesting jurisdiction "in any court or courts of the State of Indiana, or of the United States of America, **in Hamilton County, Indiana**" which does not include this Court. *Id.* (emphasis added). Indeed, this Court is located in Indianapolis, Indiana, which is found in Marion County, not Hamilton County.[3] For this reason alone, the EULA

---

[2] TEG also contests the enforceability of the SCLA due to lack of consideration and because it constitutes an "agreement to agree." It is not a binding or enforceable agreement as to any of its terms.

[3] The Court can take judicial notice as to its location. *See United States v. Mendell,* 447 F.2d 639, 641 (7th Cir. 1971) ("Among the matters long recognized as proper subjects for judicial notice are a wide range of geographic facts, including location.")

6

does not prevent the Individual Defendants from contesting this Court's personal jurisdiction, which does not exist.

Second, the Individual Defendants did not sign the EULA, and to the extent the Individual Defendants "accepted" the EULA's shrink-wrap terms, the acceptance was done in their capacities as employees of TEG. (Compl., Dkt. 1 at 8, 12, 14, ¶¶ 50, 77-78, 95). There are no allegations to suggest that the Individual Defendants accepted the EULA's terms in furtherance of any personal motives or interests. Therefore, any jurisdictional waivers found therein are not binding upon the Individual Defendants. *See Patriot Resource Partners II, LLC v. Serv. Disabled Veterans Bus. Assocs., Inc.*, No. 06 C 5369, 2008 U.S. Dist. LEXIS 80087 at *6 (N.D. Ill. Oct. 3, 2008) (officer did not waive personal jurisdiction by signing an agreement containing a forum selection clause where he signed it in his representative capacity on behalf of corporation, and agreement did not mention him personally).

## II. Max Has Waived Opposition to TEG Contesting the Court's Personal Jurisdiction Over the John Doe Defendants

Max does not respond to TEG's position that the Court lacks personal jurisdiction over the John Doe Defendants, conceding this argument. *See, e.g., Bonte*, 624 F.3d at 466 (failure to respond results in waiver); *Skaggs v. Gordon Food Serv.*, No. 4:15-cv-00118, 2016 U.S. Dist. LEXIS 53333, at **1-2 (S.D. Ind. Apr. 21, 2016) ("[W]hen presented with a motion to dismiss, the nonmoving party must proffer some legal basis to support h[er] cause of action. The federal courts will not invent legal arguments for litigants.") (citations omitted). In Max's Memorandum of Law in Opposition (Dkt. 57) to TEG's 12(b)(6) Motion to Dismiss (Dkt. 52), Max addresses TEG's assertion that Max failed to state a claim against the John Doe Defendants but fails to acknowledge that the John Doe Defendants are properly dismissed, on separate grounds, for lack of personal jurisdiction. *See e.g., Langone v. Patrick Kaiser & Fanduel, Inc.*, No. 12 C 2073, 2013

U.S. Dist. LEXIS 145941, at *15 (N.D. Ill. Oct. 9, 2013); *Moore v. Alaska Airlines, Inc.*, No. 19 C 2951, 2019 U.S. Dist. LEXIS 191622, at *11 (N.D. Ill. Nov. 5, 2019). Indeed, Max lodges zero facts to support a finding of personal jurisdiction over the John Doe Defendants, and therefore, they are properly dismissed.

### III. Max's Request for Leave to Conduct Jurisdictional Discovery is Procedurally Improper, but Nonetheless, is Properly Denied

Max's request for leave to conduct jurisdictional discovery, found within its Opposition to TEG's MTD (Dkt. 56), violates Rule 7 of the Federal Rules of Civil Procedure and Local Rule 7-1 which require that such a request be made in a motion and not in an opposition brief. Fed. R. Civ. P. 7(b); S.D. Ind. L.R. 7-1(a). Nonetheless, should the Court wish to consider Max's procedurally improper request, the "motion" warrants denial because Max failed to set forth a prima facie case of personal jurisdiction.

Rule 7(b) dictates that "[a] request for a court order must be made by motion," Fed. R. Civ. P. 7(b), and Local Rule 7-1(a) instructs that **"[a] motion must not be contained within a brief, response, or reply to a previously filed motion**, unless ordered by the court."[4] S.D. Ind. L.R. 7-1(a). (emphasis added). The Seventh Circuit Court of Appeals, and courts in this circuit, apply the plain language of Rule 7(b) and Local Rule 7-1(a) to prohibit requests for jurisdictional discovery made in opposition briefs. *See Nelson v. Bulso*, 149 F.3d 701, 705 (7th Cir. 1998); *Spears v. Sur LA. Table, Inc.*, No. 1:21-cv-02934, 2022 U.S. Dist. LEXIS 76460, *11, n.4 (S.D. Ind. Apr. 4, 2022) (granting motion to dismiss, and noting that "it was not proper for Plaintiff to make [request for jurisdictional discovery] in her response to [Defendant's] Motion to Dismiss."); *In re Honey Transshipping Litig.*, 87 F.Supp 3d 855, 874 (N.D. Ill. 2015) (when plaintiffs requested jurisdictional discovery in a response brief, the court found that "[t]here is an appropriate way to

---

[4] To be sure, Max's request for jurisdictional discovery, contained within its Opposition, was not ordered by the Court.

8

request discovery, but that is not what the class plaintiffs have done here."); *LaCruze v. Zatecky*, No. 1:20-cv-02148, 2023 U.S. Dist. LEXIS 170100, *4 (S.D. Ind. Sept. 25, 2023) ("So, to the extent Mr. LaCruze intended for his response to serve as a motion to compel additional discovery from the Medical Defendants, that motion is denied under Local Rule 7-1(a) as well."). Max's request for jurisdictional discovery, contained within its Opposition, is procedurally improper and should be summarily denied.

Notwithstanding, Max's request for leave should be rejected because Max's allegations relating to personal jurisdiction over the Individual Defendants and John Doe Defendants are not "colorable" and do not support this Court granting leave. Rather, as previously discussed, Max's allegations are conclusory, bare, and unsupported, and have been refuted by TEG's MTD and the accompanying Declarations. (Dkt. 50, 50-1, 50-2, 50-3).

"At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *1.4G Holdings, LLC v. N. Cent. Indus., Inc.*, No. 1:23-cv-00037, 2023 U.S. Dist. LEXIS 237158 at *20 n.1 (S.D. Ind. Oct. 6, 2023) (quoting *Cent. States, Se. & Sw. Areas Pension Fund*, 230 F.3d at 946). "But jurisdictional discovery should be denied where a plaintiff's motion is based on bare, attenuated, or unsupported assertions of personal jurisdiction" or "where the defendant has provided affirmative evidence that refutes the plaintiff's assertion of jurisdiction." *Brown v. Swagway LLC*, No. 3:15-CV-588, 2016 U.S. Dist. LEXIS 200589, at *5-6 (N.D. Ind. Sept. 22, 2016) (denying jurisdictional discovery over party who was not alleged to be domiciled in Indiana but alleged to have sold goods in Indiana); *see 1.4G Holdings, LLC*, 2023 U.S. Dist. LEXIS 237158 at *20 n.1 (denying jurisdictional discovery when prima facie showing of personal jurisdiction was not established); *Ellis v. Fortune Seas*, 175

F.R.D. 308, 312 (S.D. Ind. 1997) (denying jurisdictional discovery when the plaintiff failed to make a colorable basis for subjecting the individual to litigation in Indiana).

Max does not plead a single fact to support a finding of personal jurisdiction over the John Doe Defendants, let alone a colorable claim. Moreover, the only allegations relating to the Individual Defendants are conclusory and unsupported. Specifically, Max's allegation that the Individual Defendants "personally" disclosed or directed TEG's employees to disclose Max's source code is not supported by any facts, and Brandon Fischer stating that "[he] believe[s]" the Individual Defendants authorized TEG's allegedly unlawful acts is facially dubious. (Dkt. 56-1 at ¶¶ 34, 36). Max has not established a prima facie showing of personal jurisdiction and therefore Max's procedurally improper request for jurisdictional discovery should be denied. *See 1.4G Holdings,* 2023 U.S. Dist. LEXIS 237158 at *20, n.1; *Ellis,* 175 F.R.D. at 312; *Brown,* 2016 U.S. Dist. LEXIS 200589 at *5-6.

## CONCLUSION

For the foregoing reasons, the Individual Defendants and John Doe Defendants respectfully requests that the Court grant Defendants' Motion to Dismiss, dismiss all counts against Defendants Robert Clare, Jeffrey Mase, Kevin Mullican, and John Does 1-10, with prejudice, and provide any and all further relief the Court deems just and proper.

Dated: August 9, 2024                                    Respectfully submitted,

Marc T. Quigley, Atty. No. 21054-53           */s/ Richard D. Kelley*
**KRIEG DeVAULT LLP**                         Richard D. Kelley, *admitted pro hac vice*
12800 North Meridian Street                   Raighne C. Delaney, *admitted pro hac vice*
Suite 300                                     Stephen D. Caruso, *admitted pro hac vice*
Carmel, Indiana 46032                         Samuel J. Banks, *admitted pro hac vice*
Tel: (317) 566-1110                           **BEAN, KINNEY & KORMAN, PC**
Fax: (317) 636-1507                           2311 Wilson Boulevard, Suite 500
mquigley@kdlegal.com                          Arlington, VA 22201
                                              Tel: (703) 525-4000
Alexandra Wilson Pantos, Atty. No.            Fax: (703) 525-2207
37003-49                                      rkelley@beankinney.com
**KRIEG DeVAULT LLP**                         rdelaney@beankinney.com
One Indiana Square, Suite 2800                scaruso@beankinney.com
Indianapolis, Indiana 46204                   sbanks@beankinney.com
Tel: (317) 636-4341
Fax: (317) 636-1507
awilson@kdlegal.com                           ***Attorneys for Defendants***