# TEG EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAX MINDS, LLC, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No.: 1:24-cv-00779-JPH-MG |
| ) | |
| TRIANGLE EXPERIENCE GROUP, INC., *et al*, ) ) ) | |
| ) | |
| *Defendants*. ) | |

DECLARATION OF NICK FERRARA

I, Nick Ferrara, declare as follows:

1. I am a senior IT litigation consultant employed by DisputeSoft, an independent consulting firm in North Bethesda, Maryland specializing in software dispute consulting, e-discovery and computer forensics. I have been retained by Bean Kinney & Korman PC, counsel for Defendant Triangle Experience group, Inc. through DisputeSoft as an expert in connection with this case.

2. I have approximately 20 years' experience in the information technology field, including consulting work, IT management, staffing, and systems administration. While at DisputeSoft, I have consulted on more than 100 matters and have been engaged as an expert in state, national, and international jurisdictions. I have testified both in U.S. federal courts and before the American Arbitration Association.

3. My experience as a consultant at DisputeSoft includes in-depth technical analysis of software projects, source code, and IT systems for clients across numerous industries, including government, finance, health care, pharmaceutical, energy production, insurance, construction,

advertising, transportation, and retail. I have conducted dozens of code reviews of computer programs and web solutions written in numerous programming languages and have performed source code comparisons in numerous cases involving claims of copyright infringement and trade secret misappropriation.

4.      In addition to my work as an expert for DisputeSoft, I serve as DisputeSoft's Director of Software Development, a role in which I am responsible for the management and development of complex software projects, including work in software architectural design, requirements elaboration, software development, configuration management, testing and quality control, and implementation. As a result of my work, both as an engineer and consultant, I am thoroughly familiar with current standards, practices, and trends in the software development industry.

5.      I am a certified computer forensics examiner, holding the "EnCase Certified Examiner" ("EnCE") certification, a well-known forensics certification widely used by law enforcement and private entities who conduct investigations and proffer testimony in a court setting. As a certified forensics examiner, I have received detailed training in how computer systems store and manage data and how such data is analyzed.

6.      I understand from counsel that the parties are currently in dispute over production of one or more source code repositories containing Plaintiff's source code. For reference, a "source code repository" is a database that tracks all changes made to a set of source code files over time, including details such as what the changes were, who made the changes, and when.

7.      When a developer makes a change to the files in a source code, they typically include a short description known as a "commit message." Typically commit messages may explain the nature of certain changes, identify new features that have been added, and list defects that have been remediated.

8. I understand that at issue in the parties' dispute is the nature of who developed the source code. "Source code development" typically describes a set of activities used to create software, including (1) identifying what the requirements are for the software ("requirements elaboration"), (2) planning how the software will be constructed ("design"), (3) writing source code ("construction"), (4) ensuring that the software is generally free of defects and meets the agreed upon requirements ("testing"), and (5) delivery to a customer ("implementation").

9. To the extent that there is evidence that Defendant contributed to the development of Plaintiff's software, *e.g.*, in identifying requirements, planning designs, directing defects to be fixed, etc., commit messages in Plaintiff's repositories could provide evidence of these activities.

10. Further, I understand from counsel that Defendant contends that they provided Plaintiff with initial ideas and design as to how the software at issue in this case should be designed and operated. Production of Plaintiff's source code repositories would enable this assertion to be tested, as source code repositories allow any specific version to be extracted for analysis.

11. Finally, I understand from counsel that Defendant contends that Plaintiff may have misappropriated source code from a former employer to create early versions of the software at issue in this case. If so, again, production of Plaintiff's source code repositories would enable this assertion to be tested. Specifically, the history of early changes to the source code files in the repository could be subjected to expert analysis in order to reach a conclusion as to whether this assertion has merit.

12. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of August 2024, in North Bethesda, MD.

_____
Nick Ferrara

3