# TEG EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAX MINDS, LLC, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No.: 1:24-cv-00779-JPH-MG |
| ) | |
| TRIANGLE EXPERIENCE GROUP, INC., et al., ) | |
| ) | |
| *Defendants*. ) | |

## DECLARATION OF RICHARD D. KELLEY, ESQUIRE

I, Richard D. Kelley, declare as follows:

1. I, Richard D. Kelley, am over the age of eighteen (18) and am competent to testify to the matters set forth in this declaration. This declaration is made based on my personal knowledge.

2. I am a Shareholder in the law firm of Bean, Kinney & Korman, P.C. and have been in the private practice of law for over twenty years.

3. I am lead counsel for the Defendant, Triangle Experience Group, Inc. ("TEG") in this matter before the Court.

4. In its "Motion for Modification or Clarification" filed with the Court on September 13, 2024 (Dkt 76) ("Max's Motion" or the "Motion"), Max Minds, LLC ("Max") makes several false allegations relating to a past, unrelated case involving TEG.

5. First, on pages 6 and 7 of its Motion, Max cites to and attaches as Exhibit 1 the complaint in the matter of *Hadron Industries, Inc. et al. v. Triangle Experience Group Inc., et al.*, 1:19-cv-00035-LO-MSN (E.D. Va. January 9, 2019) (the "Hadron Lawsuit").

6. Max injects the Hadron Lawsuit into these proceedings for the false premise that it is similar to this case and that TEG obtained Hadron's source code for its software.

7. As can be seen from the very complaint that Max attaches as Exhibit 1 to its Motion, there were absolutely no claims for copyright infringement or misappropriation of trade secrets in the Hadron Lawsuit.

8. Instead, the Hadron Lawsuit involved contractual claims and business torts and, moreover, was resolved to the mutual satisfaction of the parties shortly after TEG and the other defendants filed summary judgment motions in the matter, which were left unopposed.

9. I was lead counsel for TEG in the Hadron Lawsuit and I can unequivocally state that the ownership, possession and/or use of Hadron's source code was not an issue in that Lawsuit. In fact, Hadron had never given TEG any source code for any software in that Lawsuit, so TEG clearly never possessed any source code and TEG obviously could not and does not "still have Hadron's source code," as falsely alleged by Max in its Motion.

10. On September 17, 2024, in a recent meet and confer conference with counsel for Max, TEG's counsel asked Max to please identify the "counsel for Hadron" who allegedly stated that "TEG still has Hadron's source code," (Dkt 76 at p. 7), but counsel for Max refused to answer the question.

11. In addition to the foregoing false statements about Hadron's source code, Max also falsely stated in its Motion that "in the meet and confer conversation prior to the filing of this [M]otion," I, counsel for TEG, actually "confirmed" that TEG "still had Hadron's source code." (*Id.*) Nothing could be further from the truth – **I never made any such statement or anything that could be construed as such a statement.**

12. As noted above, I was lead counsel in the Hadron Lawsuit and knew, unequivocally, that Hadron had never given any source to TEG, that TEG was never in possession of any Hadron source code, and that source code was never an issue in the Hadron Lawsuit.

13. In an email dated Monday, September 16, 2024, I asked counsel for Max to retract its false statement. Counsel for Max refused.

14. In a September 17, 2024, meet and confer with counsel for Max, I again requested that Max retract and correct this false statement. Counsel for Max refused.

15. While TEG does not wish to belabor the Court with squabbles between counsel, TEG must clarify the record regarding Max's misrepresentations.

16. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 20, 2024

Richard D. Kelley, Esquire