# TEG EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAX MINDS, LLC, | ) |
| *Plaintiff*, | ) ) ) |
| v. | )  Case No.: 1:24-cv-00779-JPH-MG |
| TRIANGLE EXPERIENCE GROUP, INC., et al., | ) ) ) |
| *Defendants*. | ) |

## DECLARATION OF SAMUEL J. BANKS

I, Samuel J. Banks, declare as follows:

1. I am over the age of eighteen (18) and am competent to testify to the matters set forth in this declaration. This declaration is made based on my personal knowledge.

2. I am a Shareholder in the law firm of Bean, Kinney & Korman, P.C. and have been in the private practice of law for nine years.

3. I am counsel for the Defendant, Triangle Experience Group, Inc. ("TEG") in this matter before the Court.

4. In its "Motion for Modification or Clarification" filed with the Court on September 13, 2024 (Dkt 76) ("Max's Motion" or the "Motion"), Max Minds, LLC ("Max") makes several false allegations relating to a past, unrelated case involving TEG.

5. First, on pages 6 and 7 of its Motion, Max cites to and attaches as Exhibit 1 the complaint in the matter of *Hadron Industries, Inc. et al. v. Triangle Experience Group Inc., et al.*, 1:19-cv-00035-LO-MSN (E.D. Va. January 9, 2019) (the "Hadron Lawsuit").

6. Max is trying to use this case for the false premise that the Hadron Lawsuit is similar to this case and that TEG obtained Hadron's source code for its software.

7. As can be seen from Exhibit 1 of Max's Motion, however, the Hadron Lawsuit did not involve claims for copyright infringement or misappropriation of trade secrets.

8. Instead, the Hadron Lawsuit involved contractual claims and business torts and, moreover, was resolved to the mutual satisfaction of the parties shortly after TEG and the other defendants filed summary judgment motions in the matter, which were left unopposed.

9. I was also counsel for TEG in the Hadron Lawsuit and I was in charge of all document reviews and productions in that matter. To my knowledge, at no time was any source code, Hadron's or otherwise, reviewed or found to be in the possession and/or use of TEG during the Hadron Lawsuit.

10. On September 17, 2024, in a meet and confer conference with counsel for Max, TEG's counsel asked Max to please identify the "counsel for Hadron" who allegedly stated that "TEG still has Hadron's source code," (Dkt 76 at p. 7), but counsel for Max refused to answer the question.

11. In addition to the foregoing incorrect statements about Hadron's source code, Max also incorrectly stated in its Motion that "in the meet and confer conversation prior to the filing of this [M]otion," Mr. Richard D. Kelley, lead counsel for TEG, actually "confirmed" that TEG "still had Hadron's source code." (*Id.*) This statement is false. Mr. Kelley never made such a statement, but instead told Max's counsel that he could not, and would not, answer questions about Hadron source code or software.

12. In an email dated Monday, September 16, 2024, counsel for TEG asked counsel for Max to retract its false statement. Counsel for Max refused.

13. In a September 17, 2024 meet and confer with counsel for Max, counsel for TEG again requested that Max retract and correct its false statement. Counsel for Max refused.

14. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 20, 2024

_____
Samuel J. Banks, Esquire