# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| MAX MINDS, LLC, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No.: 1:24-cv-00779-JPH-MG ) |
| TRIANGLE EXPERIENCE GROUP, INC., *et al*, | ) ) |
| *Defendants*. | ) ) ) |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY

Plaintiff, Max Minds, LLC ("Max"), requests leave to file a surreply (Dkt. 97) relating to Defendant's, Triangle Experience Group, Inc. ("TEG"), Motion for Reconsideration. (Dkt. 83). TEG respectfully requests that Max's motion for leave be denied.

First, a surreply is both unnecessary and unwarranted because there is no "new evidence" presented in TEG's Reply Brief. (Dkt. 96). The declarations attached thereto simply rebut and respond to points raised in Max's Opposition. (Dkt. 89; 89-1). And, importantly, the joint authorship allegations that Max cites to as alleged new evidence – i.e., TEG's claim that it is a co-developer and co-owner of the software and source code – have been lodged by TEG since the inception of this litigation and are nothing new. (*See e.g.,* Dkt. 52).

Second, even if the Court were to consider Max's surreply, it does nothing to address the issues before the Court, namely, which repositories Max is required to produce and the method for production. Max's surreply argument that ownership of the software and trade secrets is in dispute is exactly TEG's point in its Motion for Reconsideration; the disputed repositories are relevant to determining such ownership. Moreover, Max's surreply does nothing to address TEG's position

that the operative Amended Stipulated Protective Order in this case (Dkt. 75) already provides safeguard procedures for the review and production of the source code, nor does it propose why these safeguards are insufficient.[1]

Finally, Max's reliance on a local rule, and case law, relating to summary judgment is inapposite. *See* S.D. Ind. L.R. 56-1(d). Even in the summary judgment context, the Seventh Circuit expressly disfavors surreplies to avoid "an endless loop of briefs." *Bessong v. Exel, Inc.*, 1:11-cv-01239, 2013 U.S. Dist. LEXIS 79528, at *1 (S.D. Ind. June 6, 2013) (citing *Smith v. Bray*, 681 F.3d 888, 903 (7th Cir. 2012)). Nonetheless, the local rules do not contemplate a surreply on a discovery motion and Max cites no legal authority to support its request.

TEG respectfully requests that Max's Motion be denied.

---

[1] Max's assertion that "TEG's counsel never bothered to meet and confer with Max on this or many other issues" is false. (Dkt. 97-1 at 4). TEG, through counsel, extensively negotiated with Max, over a two-month span, the procedures and safeguards for production of source code. Those negotiations resulted in the comprehensive Amended Stipulated Protective Order and ESI Order which govern this case. (Dkt. 75). Moreover, TEG and Max have met and conferred over video conference and phone on these issues no less than six times since discovery on the preliminary injunction has begun.

Dated: October 11, 2024          Respectfully submitted,

*s/ Richard D. Kelley*
Richard D. Kelley, *admitted pro hac vice*
Raighne C. Delaney, *admitted pro hac vice*
Stephen D. Caruso, *admitted pro hac vice*
Samuel J. Banks, *admitted pro hac vice*
Kandis M. Koustenis, *admitted pro hac vice*
**BEAN, KINNEY & KORMAN, PC**
2311 Wilson Boulevard, Suite 500
Arlington, VA 22201
Tel: (703) 525-4000
Fax: (703) 525-2207
rkelley@beankinney.com
rdelaney@beankinney.com
scaruso@beankinney.com
sbanks@beankinney.com
kkoustenis@beankinney.com

Heather J. Kliebenstein, *admitted pro hac vice*
**MERCHANT & GOULD**
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
hkliebenstein@merchantgould.com

Alexander P. Orlowski, Atty. No. 30794-29
Amanda Jane Gallagher, Atty. No. 32662-79
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 566-1110
Fax: (317) 636-1507
alexander.orlowski@btlaw.com
amanda.gallagher@btlaw.com

*Attorneys for Triangle Experience Group, Inc.*