# Exhibit 6



# MUTUAL NONDISCLOSURE AGREEMENT
## TEG/MAX Minds LLC

THIS AGREEMENT is made and entered into as of JULY 17, 2019 by and between Triangle Experience Group, Inc (TEG) a corporation organized and existing under the laws of the Commonwealth of Virginia with an office located at 1 Bowman Drive, Suite 175, Fredericksburg, VA 22408 and Max Minds, LLC (MAX) a corporation organized and existing under the laws of the State of Indiana having offices at 4142 Pete Dye Blvd, Carmel, IN 46033. "Party" means each party individually; "Parties", "Disclosing Party", or "Receiving Party" means TEG and MAX, or each Party individually as they receive or disclose information.

NOW THEREFORE, in consideration of the foregoing and of the mutual promises contained herein, the Parties hereto do hereby mutually agree as follows:

1. **Definitions.** Confidential Information means all confidential or proprietary information in oral, written, graphic, electronic or other form including, but not limited to, past, present and future business, financial and commercial information, business concepts, prices and pricing methods, marketing and customer information, financial forecasts and projections, technical data and information, formulae, analyses, trade secrets, ideas, methods, processes, know-how, computer programs, products, equipment, product road maps, prototypes, samples, designs, data sheets, schematics, configurations, specifications, techniques, drawings, and any other data or information delivered by either of the Parties to the other.

2. **Identification of Confidential Information.** All information which is disclosed by the Disclosing Party to the Receiving Party and which is to be protected hereunder as Confidential Information:

    (a) shall be limited to Confidential Information disclosed to the Receiving Party during the term of this Agreement;
    (b) if in writing or other tangible form, shall be identified at the time of delivery by means of a clearly marked permanent stamp or conspicuous label bearing a term such as "Confidential", "Proprietary", "Competition Sensitive", or equivalent;
    (c) if disclosed in electronic form on digital media or other storage media, shall be marked with an appropriate legend display when the information originally runs on a computer system and when the information is printed from its data file; and
    (d) if disclosed in other than permanent form (for example verbally or visually) shall be: (i) identified as proprietary or confidential prior to disclosure; or (ii) identified as confidential within ten (10) days of the initial disclosure in a written notice summarizing the nature of the disclosure.

    In addition, all information disclosed as a result of Receiving Party's access to Disclosing Party's system(s) shall be protected hereunder as confidential information, regardless of whether that information contains any markings identifying it as such.

3. **Term of Confidentiality.** The Receiving Party will hold Confidential Information in confidence for a period of five (5) years following its receipt in accordance with this Agreement.

4. **Standard of Care for Protection**

    (a) The obligation to protect Confidential Information will be satisfied if the Receiving Party utilizes the same controls it employs to avoid disclosure, publication or dissemination of its own Confidential Information of a similar nature, but in any case, not less than reasonable care.



(b) The Receiving Party will make Confidential Information available only to those of its employees, consultants and contractors having a need to know and solely for the Purpose of this Agreement, provided that the Receiving Party has taken adequate steps to bind an employee and other recipients with respect to the use and protection of the Confidential Information under terms and conditions substantially similar to those herein.

5. **Points of Contact**. The designated points of contact with respect to the transmission and control of Confidential Information exchanged hereunder are designated by the respective Parties as follows:

   For MAX:     Brandon Fischer
   Address:     4142 Pete Dye Blvd
                Carmel, IN 46033
   e – mail:    brandon@maxminds.com
   Telephone:   317-514-5000

   For: TEG: Janna Clare
   Address: 1 Bowman Dr., Suite 175
            Fredericksburg, VA
            22408
   email: jclare@triangleexperience.com
   Telephone: 910-489-9521

   Each Party may change its designation by written notice to the other.

6. **Exclusions**.   This Agreement shall not restrict disclosure or use of Confidential Information that is:
   (a) developed by the Receiving Party independently of the Disclosing Party's Confidential Information as demonstrated by tangible evidence;
   (b) rightly in possession of the Receiving Party prior to its disclosure to the Receiving Party under this Agreement;
   (c) obtained without restriction by the Receiving Party from a third party who rightfully provided it;
   (d) publicly available other than through the fault or negligence of the Receiving Party; or
   (e) approved for release by written authorization of the Disclosing Party.

7. **Mandatory Disclosure.**   In the event the Receiving Party is requested or required by legal process to disclose any of the Confidential Information of the Disclosing Party, the Receiving Party shall give prompt notice so that the Disclosing Party may seek a protective order or other appropriate relief.   In the event that such protective order is not sought or obtained, the Receiving Party shall disclose only that portion of the Confidential Information that its counsel advises that it is legally required to disclose.

8. **Materials.**   All materials provided by "Parties" under this Agreement remain the property of that Party and shall be returned upon request, together with all copies with a certification signed by Company that all copies thereof have either been or are being returned, or have been destroyed to the best of Company's knowledge

9. **Property Rights.**  All Confidential Information furnished hereunder shall remain the property of the Disclosing Party and shall be returned or destroyed promptly at Disclosing Party's request together with all copies made thereof by the Receiving Party hereunder.  Confidential Information shall not be disclosed to any third parties except as specified in this Agreement.  Confidential Information may be used and copied only as necessary for the Purpose.  Upon request, the Receiving Party shall send the Disclosing Party a certificate certifying the destruction of Confidential Information.

10. **No License of Other Rights**.  Neither the execution of this Agreement nor the furnishing of any information hereunder shall be construed as granting, either expressly or by implication, estoppel or otherwise, any license or other rights under any invention, copyright, patent, trademark or other intellectual property, now or hereafter, owned or controlled by the Disclosing Party.  Each Party warrants that it has the right to provide Confidential Information for the Purpose.



10. **Remedies**. The Parties acknowledge that their respective Confidential Information is valuable and unique and that disclosure in breach of this Agreement will result in irreparable injury to the Disclosing Party. Therefore, in the event of a breach or threatened breach of the terms of this Agreement, the Disclosing Party shall be entitled to an injunction prohibiting any such breach in addition to and not in lieu of any other rights and remedies including monetary damages.

11. **Export Requirements**. The Parties agree to comply with all applicable export laws, rules and regulations of the United States Government, including without limitation, the International Traffic in Arms Regulations of the U.S. Department of State and the Export Control Act of the U.S. Department of Commerce, in connection with the disclosure, use, and export of any Confidential Information disclosed hereunder. Each Party agrees to provide such information as the other Party shall reasonably consider necessary to verify compliance with this provision. If the Receiving Party of export-restricted information improperly discloses such information, the Receiving Party shall indemnify and hold harmless the Disclosing Party from all resulting claims. The foregoing indemnity is conditioned upon: (1) the Disclosing Party providing the Receiving Party with prompt notice of any applicable claim; and (2) the Receiving Party being given sole control over the defense and settlement of the claim

12. **Publicity**. A Party shall not in any way or in any form disclose, publicize, or advertise in any manner the discussions, transactions or subject matter arising out of or relating to this Agreement without the prior written consent of all other Parties.

13. **Governing Law**. This Agreement shall be governed by the laws of the Commonwealth of Virginia, USA, without regard to its conflicts of laws rules. The International Sale of Goods Convention shall not apply to this Agreement.

14. **Term of Agreement**. The term of this Agreement shall be two (2) years from the date first written above, unless earlier terminated by either Party upon providing thirty (30) days prior written notice. However, the expiration of this Agreement shall not relieve the Parties of their obligations hereunder regarding the protection and use of Confidential Information during the period set forth in Paragraph 3 hereof.

15. **Scope**. This Agreement, along with the exchange of Confidential Information pursuant to this Agreement, shall not give rise to any commitment or obligation for the Parties to enter into any business relationship. Any commitments, obligations, or intentions beyond the protection of Confidential Information shall be addressed in a definitive agreement. No warranties or representations are given for the Confidential Information. The Receiving Party relies on Confidential Information at its own risk. Until a definitive agreement is signed following a more developed relationship, Confidential Information is provided for discussion purposes and only for the Purpose of this Agreement.

16. **General**. This is the entire Agreement between the Parties concerning the exchange of Confidential Information and it supersedes any prior or contemporaneous written or oral agreements thereon and may not be amended or modified except by subsequent agreement in writing by duly authorized officers or representatives of the Parties. Nothing herein is intended to or shall create any agency, joint venture or partnership between the Parties. No failure or delay, in whole or in part, by a Party in exercising any right, power or remedy operates as a waiver thereof. This Agreement is personal to the Parties and non-assignable without the prior written consent of all other Parties. This Agreement shall be binding upon and inure to the benefit of any successor in interest to a Party.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by their authorized representatives:

| **Max Minds, LLC** | **Triangle Experience Group, Inc** |
|---|---|
| Agreed: | Agreed: |
| Max Minds, LLC | Triangle Experience Group, Inc |
| | |
| By: | By: |
| Name: Brandon Fischer | Name: Janna Clare |
| Title: CEO | Title: CFO |
| Date: July 17, 2019 | Date: |

\* Each of the Parties intends that the printing of its signature printed by a receiving printer or fax machine to constitute an original signature, or to have the equivalent evidentiary value of the original signature.