# Exhibit 3

**EXHIBIT 1**
**24-cv-00779**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

**CASE NO.: 1:24-cv-00779-JPH-MKK**

MAX MINDS, LLC,

        Plaintiff,

v.

TRIANGLE EXPERIENCE GROUP, INC.,
ROBERT EDWARD CLARE, JEFFREY
MASE, KEVIN G MULLICAN and JOHN
DOES 1-10,

        Defendants.

---

### PLAINTIFF'S THIRD RE-NOTICE OF RULE 30(b)(6) DEPOSITION TO TRIANGLE EXPERIENCE GROUP, INC.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff will take the following deposition:

| | |
|---|---|
| NAME: | The corporate representative(s) of TRIANGLE EXPERIENCE GROUP, INC. designated to testify |
| DATE AND TIME: | Thursday, October 3, 2024, 2024 at 10:00 AM EDT |
| LOCATION: | Zoom – Link to be provided |

eing taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

Dated: September 23, 2024        Respectfully submitted,

        */s/ J. Campbell Miller*
        J. CAMPBELL MILLER
        Bar Number: 38279-49
        campbell.miller@sriplaw.com

        **SRIPLAW, P. A.**

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS

231 South Rangeline Road
Suite H
Carmel, Indiana 46032
332.600.5599 – Telephone
561.404.4353 – Facsimile

and

*/s/  Joseph A. Dunne*
JOSEPH A. DUNNE (*Pro Hac Vice*)
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
175 Pearl Street
Third Floor
Brooklyn, Indiana 11201
929.200.8446 – Telephone
561.404.4353 – Facsimile

and

*/s/  Joel B. Rothman*
JOEL B. ROTHMAN(*Pro Hac Vice*)
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, Indiana 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

and

*/s/ Philip D Sever*
PHILIP D SEVER
Bar Number: 25384-49
phil@landownerattorneys.com

**SEVER, STORY, WALKER**
742 South Rangeline Road
Carmel, IN  46032
317 9611202 - Telephone

*Counsel for Plaintiff Max Minds, LLC*

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that on September 23, 2024, a true and correct copy of the foregoing document was served by electronic mail to all parties listed below on the Service List.

                                        */s/ J. Campbell Miller*
                                        J. CAMPBELL MILLER

## SERVICE LIST

Alexandra Wilson Pantos
Krieg Devaulg LLP
One Indiana Square
Suite 2800
Indianapolis, IN 46204
awilson@kdlegal.com

Marc T. Quigley
Krieg Devault LLP
12800 North Meridian Street
Suite 300
Carmel, IN 46032
mquigley@kdlegal.com

Raighne Coleman Delaney
Stephen Daniel Caruso
Richard Daniel Kelley
Bean, Kinney & Korman, PC
2311 Wilson Boulevard
Suite 500
Arlington, VA 22201
rdelaney@beankinney.com
scaruso@beankinney.com
rkelley@beankinney.com

*Counsel for Triangle Experience Group, Inc., Robert Edward Clare, Jeffrey Mase, and Kevin G Mullican*

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. The uniform definitions, rules of construction, and other requirements related to discovery requests set forth in Federal Rules of Civil Procedure are incorporated as if fully set forth herein.

2. The term "Complaint" means the Complaint filed in this case at ECF 1.

3. "MAX" or "Plaintiff" means the plaintiff MAX MINDS, LLC.

4. The term "you," "your," and "TEG" means Defendant TRIANGLE EXPERIENCE GROUP, INC.

5. The term "Software" means the "Haptic Federal On-Premise Version, Expected Release Date: April 6, 2021" referenced in the SCLA including in Exhibit A thereto. Furthermore, the term "Software" should be read broadly to encompass not only the specific "Haptic Federal On-Premise Version, Expected Release Date: April 6, 2021," but also all software in which MAX has registered a copyright listed in the table below, as well as all Derivative Works of the Software created by or on behalf of TEG.

| Title of Work | Registration Number | Effective Date | Certificate of Registration |
|---|---|---|---|
| Haptic Version 1.2.21.1 | TXu 2-425-362 | April 19, 2024 | Complaint, Ex. 1 |
| Haptic Version 1.2.125 | TXu 2-421-490 | April 2, 2024 | Complaint, Ex. 2 |
| Haptic Version 3.1.21.4 | TXu 2-419-714 | March 21, 2024 | Complaint, Ex. 3 |
| Haptic Version 3.1.21.8 | TXu 2-419-718 | March 21, 2024 | Complaint, Ex. 4 |

6. The term "Source Code" means the source code for the Software, any and all information and materials concerning the source code that Max delivered or disclosed to TEG, and all updates and Derivative Works of the Source Code, including all Derivative Works created by or on behalf of TEG.

7. "Clare" means defendant ROBERT EDWARD CLARE.

8. "Mase" means defendant JEFFREY MASE.

9. "Mullican" means defendant KEVIN G MULLICAN.

10. The term "EULA" means the "End User License Agreement" attached to the Complaint as Exhibit 5.

11. The term "SCLA" means the "Source Code License Agreement" between MAX and TEG dated March 30, 2021 attached to the Complaint as Exhibit 6.

12. The term "MNDA" means the "Mutual Non-Disclosure Agreement" between MAX and TEG attached to the Complaint as Exhibit 7.

13. The term "PP" means the Haptic "Privacy Policy" attached to the Complaint as Exhibit 8.

14. The term "JVA" means the "Joint Venture Agreement" between MAX and TEG dated January 23, 2020 attached to the Complaint as Exhibit 9.

15. The term "CA" means the "Certification Agreement" between MAX and TEG dated August 17, 2023 attached to the Complaint as Exhibit 10.

16. The term "CMI" means "copyright management information" as that term is defined in 17 U.S.C. §1202(c).

17. The term "Derivative Work" shall have the meaning set forth in 17 U.S.C. § 101 which is "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a 'derivative work'."

18. The term "Trade Secret" shall have the meaning given in 18 U.S.C. § 1839(3).

19. The term "agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

20. The term "person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

## **MATTERS FOR EXAMINATION**

1. All copies of the Software in your possession, including the physical and IP address location of each computer, computer server, or electronic media (including all USB thumb drives, DVDs, etc.) containing the Software.

2. All TEG employees who are users of the Software.

3. All demonstrations you have held, planned or scheduled for the Software since this case was filed.

4. All payments you received for demonstrations of the Software since this case was filed.

5. All payments you received for sales of the Software since this case was filed.

6. All payments you received for licenses of the Software since this case was filed.

7. All Derivative Works you made of the Software and Source Code.

8. The Source Code, the development you and your employees and contractors performed on the Source Code, and the identities of your employees and contractors who performed the development of the Source Code.

9. All copies of the Source Code in your possession, including the physical and IP address location of each computer, computer server, or electronic media (including all USB thumb drives, DVDs, etc.) containing the Source Code.

10. The factual basis for your contention that you own the Source Code in whole or in part.

11. The facts that TEG is aware of the justify the denial of Max's Motion for Preliminary Injunction.

12. The documents that TEG is aware of that TEG contends justify the denial of Max's Motion for Preliminary Injunction including the EULA, the SCLA, the MDNA, the PP, the JVA, and the CA.

13. All facts you intend to rely upon to contradict or rebut Max's contention that Max suffered irreparable injury and has no adequate remedy at law.

14. All facts you intend to rely upon to contradict or rebut Max's contention that the balance of the hardship tips in Max's favor and therefore Max is entitled to the grant of a preliminary injunction.

15. All facts you intend to rely upon to contradict or rebut Max's contention that the issuance of a preliminary injunction is in the public interest.

16. Your responses to MAX's preliminary requests for production.

17. Your responses to MAX's preliminary requests for admission.

18. Your responses to MAX's preliminary interrogatories.

19. Whether you contend that the Software was the result of custom software development that was paid for by TEG and that therefore TEG possesses an ownership interest in the Software, and if so, all facts that support this contention.