# Exhibit 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAX MINDS, LLC, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No.: 1:24-cv-00779-JPH-MG |
| TRIANGLE EXPERIENCE GROUP, INC., *et al*, | ) |
| *Defendants*. | ) |

**TRIANGLE EXPERIENCE GROUP INC.'S SECOND AMENDED
ANSWERS AND OBJECTIONS TO MAX MINDS, LLC'S FIRST
REQUEST FOR PRODUCTION OF PRELIMINARY INJUNCTION DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Court's scheduling orders related to Plaintiff Max Minds, LLC's ("Max") Motion for Preliminary Injunction (the "Motion"), the various agreements of counsel made in the meet and confer process, and the Parties' October 1, 2024 Stipulation regarding the definition of Software and Source Code with respect to Preliminary Injunction Discovery, Defendant Triangle Experience Group, Inc. ("TEG") provides the following second amended answers and objections to Max's first request for production of preliminary injunction Document Request Nos. 2, 5, 7 and 10 directed to TEG.

**REQUESTS FOR PRODUCTION**

**1. Documents and ESI sufficient to show all copies of the Software in your possession.**

**RESPONSE:**

During the meet and confer process and as confirmed in Max's counsel's letter dated August 1, 2024, Max has agreed to defer Request No. 1 and, therefore, TEG need not provide an answer to this request at this time. TEG reserves the right to raise any objections should Max seek to have documents responsive to this request produced at a later date.

2. **Documents and ESI sufficient to show all copies of the Software in the possession of third-parties who obtained the Software from you.**

**AMENDED RESPONSE:**

Pursuant to the Order dated August 19, 2024 (Dkt. 74) and the Parties' October 1, 2024 Stipulation regarding the definition of Software and Source Code with respect to Preliminary Injunction Discovery, TEG hereby answers this request as amended, namely, "**Documents and ESI sufficient to show all copies of the Software you distributed to, licensed, or gave to third parties**."

TEG states that it will produce non-privileged documents and ESI within its possession, custody, or control that are responsive to this request by October 15, 2024.

3. **Documents and ESI sufficient to show all users of Software.**

**RESPONSE:**

TEG objects to this request because it is unclear what particular "users" Max is contemplating as relevant to this request. As such, this request is not proportional to the needs of the Court's determination of Max's Motion. Considering the lack of proportion to the preliminary injunction merits, the burden and expense to TEG of this proposed discovery outweighs any likely benefit in resolving issues relevant to Max's Motion.

During the meet and confer process and as confirmed in Max's counsel's letter dated August 1, 2024, Max has agreed to defer Request No. 3 and, therefore, TEG need not provide an answer to this request at this time. TEG reserves the right to raise any objections should Max seek to have documents responsive to this request produced at a later date.

**4. Documents and ESI sufficient to show all Derivative Works of the Software and Source Code.**

**RESPONSE:**

TEG objects to this request on the grounds that it is unclear what Max is seeking in terms of the creation of derivative works. As stated, this request could refer to modification of Max's defined Software or Source Code by any person employed or contracted by Max or any third party. TEG would have no such information within its possession, custody, or control.

During the meet and confer process and as confirmed in Max's counsel's letter dated August 1, 2024, Max has agreed to defer Request No. 4 and, therefore, TEG need not provide an answer to this request at this time. TEG reserves the right to raise any objections should Max seek to have documents responsive to this request produced at a later date.

**5. Documents and ESI sufficient to show all demonstrations you gave of the Software including all payments you received for the demonstrations.**

**AMENDED RESPONSE:**

During the meet and confer process, TEG agreed to answer this Request No. 5 as amended in Max's counsel's letter dated July 27, 2024, namely: "**Documents and ESI sufficient to show all demonstrations of the Software that have occurred since this case was filed or that are planned or scheduled for the future, including all payments you received for those demonstrations**."

TEG objects to this amended request as the phrase "all demonstrations of the Software that have occurred since this case was filed or that are planned or scheduled for the future" is overly broad and vague. This request essentially seeks all business development/marketing activity related documents performed or planned since this case was filed, which, even with the "sufficient to show" limitation, would be difficult to collect and produce. Subject to the foregoing objections,

3

TEG states that it will produce non-privileged documents and ESI within its possession, custody, or control that are responsive to this request by October 15, 2024. TEG reserves the right to supplement this request as discovery is ongoing.

**6. Documents and ESI sufficient to show all Source Code in your possession.**

**RESPONSE:**

During the meet and confer process and as confirmed in Max's counsel's letter dated August 1, 2024, Max has agreed to defer Request No. 6 and, therefore, TEG need not provide an answer to this request at this time. TEG reserves the right to raise any objections should Max seek to have documents responsive to this request produced at a later date.

**7. Documents and ESI sufficient to show all communications among developers of Derivative Works of the Source Code.**

**AMENDED RESPONSE:**

Pursuant to the Order dated August 19, 2024 (Dkt. 74), TEG hereby answers this request as amended, namely, "**Documents and ESI sufficient to show all communications among Developers of Derivative Works of the Source Code that have occurred since this case was filed**." Pursuant to the Order, the definition of "Developers" for purposes of this request is the TEG definition agreed to by the parties during the August 8, 2024 discovery conference (Dkt. 72), namely, any person who "authored, edited, revised, developed, coded, contributed to, or otherwise worked on" software.

TEG objects to this amended request as the definition of "Developers" is still overly broad and vague. Subject to the foregoing objections, and applying the Parties' October 1, 2024 Stipulation regarding the definition of Software and Source Code with respect to Preliminary Injunction Discovery, TEG states that it will produce non-privileged documents and ESI within its

4

possession, custody, or control that are responsive to this request by October 15, 2024. TEG reserves the right to supplement this request as discovery is ongoing.

8. **Documents and ESI you contend demonstrate your ownership of the Software or Source Code.**

**RESPONSE:**

During the meet and confer process, TEG agreed to answer this Request No. 8 as amended in Max's counsel's letter dated July 27, 2024, namely: "**Documents and ESI other than the JVA that you contend demonstrate your ownership of the Software or Source Code**."

TEG will produce non-privileged documents and ESI responsive to this request that are within its possession, custody, or control.

9. **All recordings of telephone and video calls between the parties in which any of the following was discussed: the Software, the Source Code, Ownership of Intellectual Property, Derivative Works, the JVA, the SCLA, the MNDA, the PP, or the CA.**

**RESPONSE:**

During the meet and confer process, TEG agreed to answer this Request No. 9 as amended in Max's counsel's letter dated July 27, 2024, namely: "**All recordings of telephone and video calls between the parties that defendants intend to rely upon in defense of the motion for preliminary injunction**."

TEG will produce non-privileged documents and ESI responsive to this request that are within its possession, custody, or control.

**10. Documents and ESI sufficient to show your agreements with third-parties authorizing those third-parties to distribute and sell licenses for the Software.**

**RESPONSE:**

Pursuant to the Order dated August 19, 2024 (Dkt. 74), TEG hereby answers this request as amended, namely, "**Documents and ESI sufficient to show your agreements with third parties authorizing those third parties to distribute and sell licenses for the Software**."

TEG will produce non-privileged documents and ESI responsive to this request that are within its possession, custody, or control.

**11. Documents and ESI sufficient to identify each third-party you have authorized to distribute and sell licenses for the Software.**

**RESPONSE:**

Pursuant to the Order dated August 19, 2024 (Dkt. 74), this request is redundant and TEG need not provide an answer to this request.

Dated: October 15, 2024                                  Respectfully submitted,

                                                                                     *s/ Samuel J. Banks*
Richard D. Kelley, *admitted pro hac vice*
Raighne C. Delaney, *admitted pro hac vice*
Stephen D. Caruso, *admitted pro hac vice*
Samuel J. Banks, *admitted pro hac vice*
Kandis M. Koustenis, *admitted pro hac vice*
**BEAN, KINNEY & KORMAN, PC**
2311 Wilson Boulevard, Suite 500
Arlington, VA 22201
Tel: (703) 525-4000
Fax: (703) 525-2207
rkelley@beankinney.com
rdelaney@beankinney.com
scaruso@beankinney.com
sbanks@beankinney.com
kkoustenis@beankinney.com

          Heather J. Kliebenstein, *admitted pro hac vice*
          **MERCHANT & GOULD**
          150 South Fifth Street, Suite 2200
          Minneapolis, MN 55402
          Tel: (612) 332-5300
          Fax: (612) 332-9081
          hkliebenstein@merchantgould.com

          Alexander P. Orlowski, Atty. No. 30794-29
          Amanda Jane Gallagher, Atty. No. 32662-79
          **BARNES & THORNBURG LLP**
          11 South Meridian Street
          Indianapolis, IN 46204
          Tel: (317) 566-1110
          Fax: (317) 636-1507
          alexander.orlowski@btlaw.com
          amanda.gallagher@btlaw.com

          *Attorneys for Triangle Experience Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2024, the foregoing document was served on the following via electronic mail.

J. Campbell Miller
campbell.miller@sriplaw.com
SRIPLAW, P. A.
231 South Rangeline Road Suite H
Carmel, IN 46032
332.600.5599 – Telephone
561.404.4353 – Facsimile

Joseph A. Dunne
joseph.dunne@sriplaw.com
SRIPLAW, P. A.
175 Pearl Street Third Floor
Brooklyn, IN 11201
929.200.8446 – Telephone
561.404.4353 – Facsimile

Joel B. Rothman
joel.rothman@sriplaw.com
SRIPLAW, P. A.
21301 Powerline Road Suite 100
Boca Raton, IN 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

Philip D Sever
phil@landownerattorneys.com
SEVER, STORY, WALKER
742 South Rangeline Road
Carmel, IN 46032
317.961.1202 – Telephone

*Counsel for Plaintiff Max Minds, LLC*

/s/ Samuel J. Banks
Samuel J. Banks