UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CASE NO.: 1:24-cv-00779-JPH-MKK

MAX MINDS, LLC,

        Plaintiff,

v.

TRIANGLE EXPERIENCE GROUP, INC.,
ROBERT EDWARD CLARE, JEFFREY
MASE, KEVIN G MULLICAN and JOHN
DOES 1-10,

        Defendants.

## BRIEF IN SUPPORT OF MOTION REQUESTING DISTRICT COURT REFER MOTION FOR PRELIMINARY INJUNCTION TO MAGISTRATE JUDGE FOR HEARING AND REPORT AND RECOMMENDATION

Plaintiff Max Minds, LLC ("Max") moves the district court for an order pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b) and Local Rule 72-1, to refer Max's Amended Motion for Preliminary Injunction (ECF 105, 106) to the Honorable Magistrate Judge Mario Garcia to conduct necessary hearings on the motion, including evidentiary hearings, if necessary, and to submit to the district judge proposed findings of fact, if applicable, and recommendations for the disposition of the motion.

In 2018, retired district court judge Lawrence F. Stengel told Congress that this court was among five districts where the "lack of additional judgeships, combined with the growth in caseload," had reached "urgent levels" "requiring immediate action" including "establish[ing] new judgeships in these districts as soon as possible." Hearing on "Examining The Need For New Federal Judges" before the House Subcommittee On Courts, Intellectual Property, and the Internet of the Committee on the Judiciary, House of Representatives, One Hundred Fifteenth

Congress, Second Session, June 21, 2018 (https://www.govinfo.gov/content/pkg/CHRG-115hhrg32478/html/CHRG-115hhrg32478.htm).

While the situation has improved somewhat—as of June 30, 2024, the Southern District of Indiana ranked nineteenth in the United States and third in the Seventh Circuit for weighted caseload—the prospect for relief appears dim. See United States Courts, The Need for Additional Judgeships: Litigants Suffer When Cases Linger (https://www.uscourts.gov/data-news/judiciary-news/2024/11/18/need-additional-judgeships-litigants-suffer-when-cases-linger). This district supported the push for additional judgeships in the JUDGES Act. See Southern District of Indiana Joins Push for Additional Judgeships (https://www.insd.uscourts.gov/news/southern-district-indiana-joins-push-additional-judgeships). Unfortunately, the promise for relief with the passage of The JUDGES Act was dashed when it was vetoed before the end of the last presidential administration. Biden Vetoes Bill That Would Add 63 New Federal Judges Over Next Decade (https://www.democracydocket.com/news-alerts/congress-passes-bill-to-add-more-federal-judgeships-biden-plans-to-veto-it/).

Max filed its Complaint on May 7, 2024. Max filed its motion for preliminary injunction the next day. Since then the parties engaged in preliminary injunction discovery, including document production, interrogatories, requests for admission, depositions, and expert discovery. Max filed an amended motion for preliminary injunction, a brief in support, declarations in support and exhibits in support on Nov. 25, 2025 (ECF 104, 105). Max also made its source code available for review by TEG's expert. The parties' pre-injunction discovery generated several disputes and these were heard and decided by Magistrate Judge Garcia promptly and efficiently. (See ECF 74 and 81).

Most recently, TEG filed its sealed response in opposition to the motion for preliminary injunction and exhibits in support at ECF 123 and ECF 124. TEG's exhibits include the declarations of four witnesses, one of whom was never previously disclosed by TEG. The exhibits also include an expert report of TEG's expert. The brief filed by TEG raises numerous issues and cites to facts and testimony that Max contends were never disclosed in discovery by TEG despite TEG's obligation to make those disclosures.

Max is a small software company in Carmel, Indiana. Max makes interactive content collaboration software called "Haptic Federal." Haptic Federal enables teams to communicate seamlessly and in real-time manage tasks, share files, and stay organized in briefing and experience centers, ideation and insight centers, in customizable collaboration spaces, and in operations centers. On January 23, 2020, TEG and Max signed a Joint Venture Agreement (JVA) under which TEG would manage a distribution channel to the federal government for Haptic Federal.

During preliminary injunction discovery it came to light that TEG appropriated Max's source code without Max's knowledge or consent in violation of the parties' agreements and copyright law. TEG has since admitted—most recently in its opposition to the motion for preliminary injunction—that it modified Max's source code and distributed Max's software within different commands in the Department of Defense.

TEG's opposition admits both its theft and to hiding its theft from Max. TEG's opposition also admits that it has been collecting money owed to Max and "accounting for it" but not paying Max what Max is owed under the parties' JVA. (See Janna Clare Decl. filed under seal at ECF 124-2). TEG is literally starving Max to death by withholding funds from Max while using, distributing and selling Max's software to the government for TEG's own gain. And this

Court's overcrowded docket forces Max to wait and wait for preliminary injunctive relief that is intended to be exigent but, because of court delays, is no closer to fruition than when this case was filed last May.

Max's review of TEG's opposition papers has revealed at least five separate ways that TEG violated the Magistrate Judge's discovery orders in this case and Max intends to take these up with the Magistrate Judge promptly. Doing so will further involve the Magistrate Judge in these issues that the Court has handled adeptly. Raising these issues could potentially delay a hearing if the hearing must be heard by the district court. Meanwhile, the need for judicial intervention on the issues of preliminary injunction discovery combined with Max's urgent need for a speedy determination of Max's motion and this court's delays suggest strongly that referral to the Magistrate Judge for hearing and report and recommendation on the motion is the best course of action to comply with the requirements of Rule 1.

## STATEMENT OF GOOD FAITH EFFORTS TO RESOLVE

On February 4, 2025, the parties through counsel met and conferred by video conference on the relief requested in the motion, but the parties did not agree on the referral of this matter to the Magistrate Judge.

WHEREFORE, Plaintiff MAX MINDS, LLC prays this Honorable Court enter an order pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b) and Local Rule 72-1 and refer Max's Amended Motion for Preliminary Injunction to the Honorable Magistrate Judge Mario Garcia to conduct necessary hearings on the motion, including evidentiary hearings, if necessary, and to submit to the district judge proposed findings of fact, if applicable, and recommendations for the disposition of the motion.

Dated: February 4, 2025                    Respectfully submitted,

/s/ *J. Campbell Miller*
J. CAMPBELL MILLER
Bar Number: 38279-49
campbell.miller@sriplaw.com

**SRIPLAW, P. A.**
231 South Rangeline Road
Suite H
Carmel, Indiana 46032
332.600.5599 – Telephone
561.404.4353 – Facsimile

and

JOSEPH A. DUNNE (*Pro Hac Vice*)
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
929.200.8446 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN  (*Pro Hac Vice*)
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, Florida 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

and

PHILIP D SEVER
Bar Number: 25384-49
phil@landownerattorneys.com

**SEVER, STORY, WALKER**
742 South Rangeline Road
Carmel, IN  46032

317.961.1202 - Telephone

*Counsel for Plaintiff Max Minds, LLC*