# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MAX MINDS, LLC, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No.: 1:24-cv-00779-JPH-MG |
| TRIANGLE EXPERIENCE GROUP, INC., *et al*, | ) ) ) |
| *Defendants*. | ) ) |

### TRIANGLE EXPERIENCE GROUP, INC.'S RESPONSE TO PLAINTIFF'S MOTION REQUESTING REFERRAL

Defendant Triangle Experience Group, Inc. ("TEG"), respectfully submits its response to Plaintiff Max Minds, LLC's ("Max") Motion Requesting District Court Refer [Amended] Motion for Preliminary Injunction to Magistrate Judge for Hearing and Report and Recommendation. (Dkt. 128 -129.)

As an initial matter, neither Federal Rule of Civil Procedure 72 nor Local Rule 72-1 contemplate a litigant asking the Court to refer a motion to a Magistrate Judge for decision. In its Motion, Max laments that the Court is not moving fast enough for its liking. TEG disagrees with this assertion. To the extent there has been any delay in this proceeding, it has been caused by Max itself. First, Max was the party that asked to file an amended motion for preliminary injunction six months after the fact and agreed to the briefing schedule related thereto. Second, Max was the party that asked for an extended discovery period related to its motion, including effectively changing the parties' already-agreed-to Amended Stipulated Protective Order (Dkt. 75). This resulted in an additional period of time to review parts of the source code at issue in this matter.[1]

---

[1] For the purposes of limited discovery related to Max's Amended Motion for Preliminary Injunction, only a small portion of the source code in Max's possession has been produced to date. In order to fully investigate TEG's defenses in this matter as well as TEG's affirmative claims in *Triangle Experience*

Finally, as the Court is aware, briefing has not yet concluded, as Max has yet to file its reply brief.[2] Once it is ripe, TEG has full confidence in the Court's ability to manage its docket and adjudicate the Motion appropriately.

Separately, TEG must respond briefly to the unfounded contentions in Max's Motion. Regarding Max's allegations that TEG has failed to disclose various arguments related to its defenses, TEG states that (1) this is not the proper vehicle or procedure to argue such allegations, (2) TEG vigorously disputes them, and (3) discovery is still ongoing. In short, however, Max has been aware of TEG's defenses in this matter since at least July 5, 2024, when TEG filed its Motion to Dismiss and related briefs (Dkts. 51, 52, 69). The facts underlying these defenses were further expounded upon, where appropriate, in TEG's written discovery responses, document productions and in deposition testimony. Finally, discovery is still ongoing. While the parties agreed to engage in "limited discovery" for the purposes of the preliminary injunction motion, the parties have not engaged in formal third-party discovery, significant document productions, or expanded discovery that normally occurs throughout in cases before the Court. It is only natural, therefore, that certain facts, documents and even witnesses will not be uncovered until a fulsome discovery process is undertaken.

Regarding Max's allegations that TEG has "admitted to theft" and to "literally starving Max to death by withholding funds," these allegations are similarly untrue and misplaced. Again, this Motion is not the proper vehicle or procedure to make such arguments, but TEG admitted to no such actions. Instead, TEG representatives testified to the fact that TEG was continuing to act in the same manner and following the same course of conduct that it had been doing for years,

---

*Group, Inc. v. Max Minds, LLC*, No. 1:24-cv-00650 (S.D. Ind. Dec. 28, 2023) (the "First Filed Action"), TEG will need access to further source code repositories in Max's possession.

[2] Max has asked TEG for a 14-day extension to file its reply brief, which TEG does not oppose.

until Max breached its obligations under the parties' Joint Venture Agreement and forced TEG to not only lose any limited value from the millions of dollars that it paid to Max for joint development, but to incur further expenses in having to correctly develop the source code and software on its own. Even so, depending on the outcome of this matter and the First Filed Action, TEG has been accounting for any money that could be owed to Max, minus the amounts that Max would owe to TEG in the First Filed Action.[3]

Finally, Max's motion for referral ignores that the District Judge must ultimately be the final arbiter of its amended motion for preliminary injunction. 28 U.S.C. § 636(b)(1)(A). Even if the matter is referred to the Magistrate Judge for a report and recommendation, the losing party will surely object, necessitating *de novo* review by the District Judge. 28 U.S.C. § 636(b)(1)(C); Fed. R. of Civ. P. 72(b). So, while TEG shares the Court's and Max's interest in the efficient administration of justice, the Court routinely resolves motions for preliminary injunction, and TEG has every confidence it likewise can do so here.

## CONCLUSION

For the foregoing reasons, TEG respectfully requests that the Court deny Max's Motion.

---

[3] In filing its Motion, Max admits that monetary damages are the crux of its claims and its current Motion, thus making injunctive relief inappropriate. In addition, although Max tries to portray itself as a small company victim, Max fails to disclose to the Court its lucrative commercial activities with "its" software product Alleo, which, as alleged in the First Filed Action, TEG owns half of and is due an equal split in any profits relate thereto. Since money damages are the crux of the relief sought in that action, TEG did not believe injunctive relief was appropriate in the First Filed Action.

Dated: February 6, 2025

Respectfully submitted,

/s/ Richard D. Kelley

| | |
|---|---|
| Alexander P. Orlowski, Atty. No. 30794-29 | Richard D. Kelley, *admitted pro hac vice* |
| Amanda Jane Gallagher, Atty. No. 32662-79 | Samuel J. Banks, *admitted pro hac vice* |
| **BARNES & THORNBURG LLP** | Kandis M. Koustenis, *admitted pro hac vice* |
| 11 South Meridian Street | **BEAN KINNEY & KORMAN, PC** |
| Indianapolis, IN 46204 | 2311 Wilson Boulevard, Suite 500 |
| Tel: (317) 566-1110 | Arlington, VA 22201 |
| Fax: (317) 636-1507 | Tel: (703) 525-4000 |
| alexander.orlowski@btlaw.com | Fax: (703) 525-2207 |
| amanda.gallagher@btlaw.com | rkelley@beankinney.com |
| | sbanks@beankinney.com |
| | kkoustenis@beankinney.com |

Heather J. Kliebenstein, *admitted pro hac vice*
**MERCHANT & GOULD**
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
hkliebenstein@merchantgould.com

*Counsel for Triangle Experience Group, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 6, 2025, a copy of the foregoing document was filed electronically using the CM/ECF system, which will send notification of such filing (NEF) to counsel of record.

                /s/ Samuel J. Banks