UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CASE NO.: 1:24-cv-00779-JPH-MKK

MAX MINDS, LLC,

        Plaintiff,

v.

TRIANGLE EXPERIENCE GROUP, INC.,
ROBERT EDWARD CLARE, JEFFREY
MASE, KEVIN G MULLICAN and JOHN
DOES 1-10,

        Defendants.

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION REQUESTING DISTRICT COURT REFER MOTION FOR PRELIMINARY INJUNCTION TO MAGISTRATE JUDGE FOR HEARING AND REPORT AND RECOMMENDATION**

The fact that Max is suffering irreparable harm is undeniable and has nothing to do with the fact that TEG is starving Max to death. Defendants have Max's trade secret and copyrighted source code. Defendants admitted under oath that they never destroyed Max's source code as required, retained the code instead in violation of the parties' agreements, and are now using the code. Kevin Mullican admitted this under oath in his declaration at ECF 124-7 at 4-5:

> 19. Thus, in late 2023, TEG still lacked a version of the software that worked properly. Yet TEG was confronted with customers such as the combatant commands, who needed the software to function for its intended use as the baseline virtual information sharing platform for U.S. security operations, including warfare.
>
> 20. TEG still had in its possession a copy of a version of the source code that had been delivered by Max to TEG.
>
> 21. This source code was turned over to TEG's development staff in order to address the critical issues preventing TEG's customers from using the software for the purposes for which it was intended.

Defendants committed theft, and the harm from the theft endures and multiplies every day TEG modifies Max's source code and sells plaintiff's software. Defendants' theft of

plaintiff's trade secret and copyrighted source code, defendants' creation of derivative works from the source code, defendants' distribution of plaintiff's software made from the source code, Max's loss of control over its trade secrets and copyrighted source code, and the significant damage to Max and Max's reputation as a result, causes imminent and irreparable harm. *Ill. Cent. R.R. v. Belcher*, No. 2:22-cv-353-PPS-JPK, 2023 WL 7297300, 2023 U.S. Dist. LEXIS 198688, at *17 (N.D. Ind. Nov. 6, 2023) (loss of control of source code containing trade secrets causes irreparable harm); *Badger Daylighting Corp. v. Palmer*, No. 1:19-cv-0216, 2019 U.S. Dist. LEXIS 160617, 2019 WL 4572798, at *11-12 (S.D. Ind. Sept. 20, 2019) (same); *Toyota Indus. Equip. Mfg. Inc. v. Land*, 1:14-cv-1049, 2014 U.S. Dist. LEXIS 99070, 2014 WL 3670133, at *8 (S.D. Ind. July 21, 2014) (same).

Motions for preliminary injunction are treated as time sensitive. Courts typically set expedited proceedings on motions for preliminary injunction. That's what this Court did here. Docket No. 47. The schedule included limited discovery necessary for a hearing on the motion, including discovery from both sides. This is also typical. TEG knew the entire time the scope of the preliminary injunction plaintiff sought based on Max's motion filed with Max's complaint. The amended motion introduced nothing new but simply clarified the scope of relief Max sought. Meanwhile, TEG dragged its feet for eight months before finally revealing its defense in its opposition filed last Friday night. The opposition offers no good reason why Max should not prevail at a hearing on the motion.

This is a very busy Court. Why not refer the case for a hearing to the Magistrate Judge? Any delay occasioned by the R&R appeal process will be small compared to the potential delay associated with obtaining a hearing date on the District Court's crowded docket. Of course, if the district court can accommodate the parties on an expedited basis that would be preferable. But

the point of the motion was to advise the District Court that at least one party was not opposed to the more expedient option of a hearing before the Magistrate Judge. And the point of referral is to permit the Magistrate Judge—who has greater control of its calendar and more availability for hearings—to preside.

WHEREFORE, Plaintiff MAX MINDS, LLC prays this Honorable Court enter an order pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b) and Local Rule 72-1 and refer Max's Amended Motion for Preliminary Injunction to the Honorable Magistrate Judge Mario Garcia to conduct necessary hearings on the motion, including evidentiary hearings, if necessary, and to submit to the district judge proposed findings of fact, if applicable, and recommendations for the disposition of the motion.

Dated: February 7, 2025					Respectfully submitted,

							*/s/ J. Campbell Miller*
							J. CAMPBELL MILLER
							Bar Number: 38279-49
							campbell.miller@sriplaw.com

							**SRIPLAW, P. A.**
							231 South Rangeline Road
							Suite H
							Carmel, Indiana 46032
							332.600.5599 – Telephone
							561.404.4353 – Facsimile

							and
							JOSEPH A. DUNNE (*Pro Hac Vice*)
							joseph.dunne@sriplaw.com

							**SRIPLAW, P. A.**
							41 Madison Avenue
							25th Floor
							New York, NY 10010
							929.200.8446 – Telephone
							561.404.4353 – Facsimile

and

JOEL B. ROTHMAN (*Pro Hac Vice*)
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

and

LISA M. SCHREIHART (*Pro Hac Vice*)
lisa.schreihart@sriplaw.com

**SRIPLAW, P. A.**
Takoma Park, MD 20912
202.878.2056 – Telephone
561.404.4353 – Facsimile

and

PHILIP D SEVER
Bar Number: 25384-49
phil@landownerattorneys.com

**SEVER, STORY, WALKER**
742 South Rangeline Road
Carmel, IN  46032
317.961.1202 - Telephone

*Counsel for Plaintiff Max Minds, LLC*