**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MAX MINDS, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No.: 1:24-cv-00779-JPH-MG |
| | ) |
| TRIANGLE EXPERIENCE GROUP, INC., *et al*, | ) |
| | ) |
| *Defendants.* | ) |

**TRIANGLE EXPERIENCE GROUP, INC.'S**
**BRIEF IN SUPPORT OF ITS MOTION TO MAINTAIN UNDER SEAL**

Defendant Triangle Experience Group, Inc. ("TEG"), through counsel and pursuant to Local Rule 5-11(d)(5), hereby files its Brief in Support of its Motion to Maintain Under Seal ("Brief in Support") related to its Opposition filed under seal in response to Plaintiff Max Minds, LLC's ("Plaintiff" or "Max") Amended Motion for Preliminary Injunction. In support of its Brief in Support, TEG states as follows:

1.      On November 25, 2024, Plaintiff filed its Memorandum of Law in Support of Amended Motion for Preliminary Injunction [Dkt. 106] ("Amended Motion") pursuant to this Court's order of October 25, 2024 [Dkt. 101].

2.      On January 31, 2025, Defendant filed its Opposition in response to the Amended Motion. Defendant filed its Opposition and corresponding exhibits under seal pursuant to the Amended Stipulated Protective Order [Dkt. 75] entered in this matter (together the "Sealed Filings").

3.      On January 31, 2025, pursuant to Local Rule 5-11(d), Defendant filed its Motion to Maintain Documents Under Seal setting forth the Sealed Filings Defendant designated as requiring seal ("Motion to Maintain").

4.     Specifically, Defendant seeks the Court's order to have the following documents maintained under seal:

    a.   Defendant's Opposition brief (Dkt 125)
    b.   Sealed Appendix of Exhibits in Support of Opposition (Dkt. 124);
    c.   Declaration of Lieutenant Commander Jeffrey H. Nusraty (Dkt. 124-1);
    d.   Declaration of Jana Clare and attendant exhibits. (Dkt. 124-2);
    e.   Declaration of Robert Clare and attendant exhibits 1-31(partial) (Dkt. 124-3);
    f.   Partial pages of Exhibit 31 to Declaration of Robert Clare (Dkt. 124-4);
    g.   Continued partial pages of Exhibit 31 to Declaration of Robert Clare (124-5);
    h.   Continued exhibits to Declaration of Robert Clare (124-6);
    i.   Declaration of Kevin Mullican and attendant exhibits (Dkt. 124-7);
    j.   Expert Report of Nick Ferrara (124-8).

5.     The Sealed Filings are declarations and documents containing proprietary business information, including source code excerpts, pricing information, customer lists and contract information, that the Parties consider to be protectable business information and trade secrets. It also includes confidential information related to contracts and transactions involving the Department of Defense.

6.     Moreover, the Sealed Filings contain documents designated as "highly confidential" by TEG and Max that TEG now argues in this Brief in Support should be maintained under seal.

7.     Despite the general rule that the public has a valid interest and right in accessing and copying judicial records, it is not an absolute right. *Nixon v. Warner Comm. Inc.*, 435 U.S. 589, 598 (1978). There are exceptions to the presumption that the public is entitled to access to court records, including concealing trade secrets and other proprietary business information. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 832 (7th Cir. 2013). Parties seeking to file such

documents under seal must show "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1995).

8. Pricing, customer names, and other sensitive business information constitute good cause to seal documents from public disclosure. *Rolls-Royce N. Am. Techs. v. Dynetics, Inc*., No. 1:19-cv-04302-TWP-TAB, 2020 U.S. Dist. LEXIS 56111, at *3 (S.D. Ind. Jan. 17, 2020); *Formax, Inc*., 2013 WL 2452703, at *2 (finding good cause to redact, among other information, "confidential information concerning customer names").

9. Good cause exists to seal documents under the proprietary business information exception where a party's competitor could otherwise derive sensitive information from a court record and use it to the party's detriment. See, e.g., *Formax, Inc. v. Alkar-Rapidpak-MP Equipment, Inc.,* No. 11-C-0298, 2013 WL 2452703, at *1 (E.D. Wis. June 5, 2013) ("Maintaining a document under seal may be necessary where public disclosure of the information would effectively afford 'other firms an unearned competitive advantage—unearned because the issue of public disclosure arises from the adventitious circumstance of the [document]'s having become caught up in litigation and as a result of having become filed in the court.'") (quoting *SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003)).

10. Additionally, the Declaration of Lieutenant Commander Jeffrey H. Nusraty, [Dkt. 124-1], contains confidential information that implicates national security concerns. Although litigation about trade secrets and national security is litigated in the open, the Seventh Circuit has observed that specific national security documents are properly sealed in such cases. *Union Oil Co. of California v. Leavell,* 220 F.3d 562, 567 (7th Cir. 2000) citing *United States v. Progressive, Inc.,* 467 F. Supp. 990 (W.D. Wis. 1979) and *In re United States,* 277 U.S. App. D.C. 37 (1989).

11.    Here, good cause exists to keep the Sealing Filings filed by Defendant under seal as trade secrets and other proprietary business information:

| ECF Document No. | Description of Document | Reason for Sealing | TEG's Position |
|---|---|---|---|
| 125 | Opposition Brief | Contains direct references to confidential and proprietary information contained in the sealed exhibits. | Should remain under seal. |
| 124 | Appendix of Exhibits | Contains direct references to confidential and proprietary information contained in the sealed exhibits. | Should remain under seal. |
| 124-1 | Declaration of Lieutenant Commander Jeffrey H. Nusraty (Dkt. 124-1); | Contains sensitive information about the Department of Defense. | Should remain under seal. |
| 124-2 | Declaration of Jana Clare and attendant exhibits. (Dkt. 124-2); | Contains sensitive and proprietary financial information. | Should remain under seal. |
| 124-3 | Declaration of Robert Clare and attendant exhibits 1-31(partial) (Dkt. 124-3); | Contains sensitive and proprietary information including customer information, technical data, and other trade secrets. | Should remain under seal. |

| 124-4 | Partial pages of Exhibit 31 to Declaration of Robert Clare (Dkt. 124-4); | Contains sensitive and proprietary information including customer information, technical data, and other trade secrets. | Should remain under seal. |
|---|---|---|---|
| 124-5 | Continued partial pages of Exhibit 31 to Declaration of Robert Clare (124-5); | Contains sensitive and proprietary information including customer information, technical data, and other trade secrets. | Should remain under seal. |
| 124-6 | Continued exhibits to Declaration of Robert Clare (124-6); | Contains sensitive and proprietary information including customer information, technical data, and other trade secrets. | Should remain under seal. |
| 124-7 | Declaration of Kevin Mullican and attendant exhibits (Dkt. 124-7); | Contains sensitive and proprietary information including customer information, technical data, and other trade secrets. | Should remain under seal. |
| 124-8 | Expert Report of Nick Ferrara (124-8). | Contains sensitive and proprietary information including customer information, technical data, and other trade secrets designated by Max. | TEG notes that prior to this filing Max withdrew its designation of confidential information. TEG, therefore withdraws its request to keep |

|  |  |  | 124-8 under seal |
|---|---|---|---|

12.     The procedure for filing under seal in this District is set forth in Local Rule 5-11(d).

Local Rule 5-11(d)(4)(A) provides that:

> **(4)** Unless the sealed filing is authorized by statute, rule, or prior court order (other than a protective order) under subsection (3), a party filing a document under seal must contemporaneously:
> **(A)** file a Motion to Maintain Document(s) Under Seal, and
> **(i)** if the filing party designated the subject information confidential, a Brief in Support that complies with the requirements of subsection (e), and a redacted (confidential portions blacked out) public version of the document that is being filed under seal; and/or
> **(ii)** if the filing party did not designate the subject information confidential, an identification of the designating party(ies);

S.D. Ind. L.R. 5-11(d)(4)(A).

13.     Defendant filed its Motion to Maintain, and simultaneously with this Brief in Support will file redacted versions of the Sealed Filings. TEG has attempted to work with Plaintiff but was unable to come to an agreement with Plaintiff related to filing redacted versions of the documents it seeks to maintain under seal. TEG therefore filed its redacted versions of the Sealed Filings and anticipates Max will file an opposition.

14.     The documents filed as Dkt 124-4 and 124-5 contains proprietary information, which constitutes the majority of the content contained in these documents. The document filed as Dkt. 124-1 is a declaration for a Department of Defense official that consists almost entirely of information considered sensitive by the DoD. As such, filing a redacted version of documents filed as Dkt 124-1, 124-4 and 124-5 would "gut the documents substantially and render them useless to the public." *E. W., LLC v. Rahman*, No. 1:11cv1380 (JCC/TCB), 2012 U.S. Dist. LEXIS 126242, at *8 (E.D. Va. Sep. 4, 2012). Thus, no redactions of these documents should be required.

## **CONCLUSION**

For all the foregoing reasons, TEG respectfully requests that the Court enter an order allowing the following documents filed by TEG to remain under seal in accordance with the protective measures detailed in the Amended Stipulated Protective Order: Dkt. 125, Dkt 124, Dkt. 124-1 Dkt. 124-2, Dkt. 124-3, Dkt. 124-4, Dkt. 124-5, Dkt. 124-6, and Dkt. 124-7.

Dated: February 28, 2025

Alexander P. Orlowski, Atty. No. 30794-29
Amanda Jane Gallagher, Atty. No. 32662-79
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 566-1110
Fax: (317) 636-1507
alexander.orlowski@btlaw.com
amanda.gallagher@btlaw.com

Respectfully submitted,

*/s/ Richard D. Kelley*
Richard D. Kelley, *admitted pro hac vice*
Raighne C. Delaney, *admitted pro hac vice*
Stephen D. Caruso, *admitted pro hac vice*
Samuel J. Banks, *admitted pro hac vice*
Kandis M. Koustenis, *admitted pro hac vice*
**BEAN KINNEY & KORMAN, PC**
2311 Wilson Boulevard, Suite 500
Arlington, VA 22201
Tel: (703) 525-4000
Fax: (703) 525-2207
rkelley@beankinney.com
rdelaney@beankinney.com
scaruso@beankinney.com
sbanks@beankinney.com
kkoustenis@beankinney.com

Heather J. Kliebenstein, *admitted pro hac vice*
**MERCHANT & GOULD**
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
hkliebenstein@merchantgould.com

*Counsel for Triangle Experience Group, Inc.*