UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAX MINDS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00779-JPH-MG |
| ) | |
| TRIANGLE EXPERIENCE GROUP, INC., ) | |
| ROBERT CLARE, ) | |
| JEFFREY MASE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Max Minds's motion for an evidentiary hearing on its amended motion for preliminary injunction is **GRANTED**. Dkt. [153]. The Court schedules this case for an evidentiary hearing **on April 24, 2025 at 9:00 a.m.** in Room 329, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana. Each side will have up to four hours to present evidence and conduct cross-examination. The Court also **GRANTS** Defendants' motion to file a surreply to the motion for preliminary injunction and will consider the proposed surreply at dkt. 147-1. Dkt. [147].

**By April 10, 2025, the parties shall file** a joint list of exhibits to be used at the hearing[1] in the format attached at Exhibit 1 and **shall provide** to the Court copies of those exhibits both in a hard-copy binder and in electronic format with each exhibit individually labeled by exhibit number in a separate

---

[1] The Court acknowledges the extensive exhibits filed with the preliminary-injunction briefs. If those exhibits will not be used at the hearing, they can be omitted from the exhibit list and referenced by docket number in post-hearing proposed findings of fact.

.pdf file.  The parties are ordered to confer regarding which exhibits are stipulated and therefore may be admitted at the start of the hearing without further foundation.  Such exhibits shall be identified as "Stipulated" on the exhibit list.  Any known objections to exhibits shall similarly be identified on the joint exhibit list.  The parties are further ordered to confer regarding stipulated facts that are undisputed and may be introduced at the start of the hearing.  A joint filing identifying stipulated facts may be filed any time before the hearing.   At the end of the hearing, the Court will set a deadline for the filing of proposed findings of fact and conclusions of law.

In their briefs, the parties dispute the amount of bond that Max should be required to deposit if a preliminary injunction is granted.  Max requests a bond of no more than $10,000 because of its high likelihood of success on the merits.  Dkt. 141 at 29.  TEG contends that likelihood of success on the merits is irrelevant to the appropriate bond amount and seeks a bond "of no less than $100 million" because it is pursuing contracts that collectively would exceed $95 million.  Dkt. 125 at 42–43.

A preliminary-injunction bond must be "proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  The rule contains no exception or reduction when the party securing an injunction has a high likelihood of success on the merits.  *See id.*  Instead, "an injunction bond is intended to secure against possible as well as certain costs." *Habitat Educ. Ctr. v. United States Forest Serv.*, 607 F.3d 453, 459 (7th Cir. 2010).  In other words, because

2

"[p]reliminary injunctions . . . often turn out to have been issued in error," a bond should fully secure the enjoined party to cover any "costs incurred by an innocent person." *Id.* at 460.

So, "when setting the amount of security, district courts should err on the high side." *Id.* at 456. Under these principles, if Max is granted preliminary injunctive relief, the Court would be inclined to order a bond that would cover the full amount of damages that TEG would likely incur from the injunction during the time it would remain in force. *See id.* (explaining that too low a bond "produces irreparable injury, because the damages for an erroneous preliminary injunction cannot exceed the amount of the bond"); *Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000) (finding $1 million bond insufficient because it did not "reflect[ ] full consequences" to the enjoined party). There may be some flexibility if a full bond "would exceed [Max's] ability to pay" and Max would suffer a high cost from "having to do without a preliminary injunction that [it] may need desperately." *Habitat Educ. Ctr.*, 607 F.3d at 458; *but see Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, 646 F.3d 424, 428 (7th Cir. 2011) ("Judges therefore should take care that the bond is set high enough to cover the losses that their handiwork could cause."). But that is a high bar that Max would have to prove at the evidentiary hearing.

In the end, if the Court were to issue a preliminary injunction, it would not be effective until Max posted whatever bond is ordered. *BankDirect Capital Fin. v. Capital Premium Fin., Inc.*, 912 F.3d 1054, 1057–58 (7th Cir. 2019) ("Rule 65(c) makes the effectiveness of a preliminary injunction contingent on

3

the bond having been posted."). Evidence relevant to the appropriate bond amount must be presented at the evidentiary hearing and may be addressed, with supporting authority, in proposed findings of fact and conclusions of law.

**SO ORDERED.**

Date: 3/21/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel