**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

MAX MINDS, LLC,                          )
                                         )
                    *Plaintiff,*         )
                                         )
        v.                               )    Case No.: 1:24-cv-00779-JPH-MG
                                         )
TRIANGLE EXPERIENCE GROUP, INC., *et al,* )
                                         )
                    *Defendants.*        )

**THE TEG DEFENDANTS' MOTION TO ALLOW WITNESS NICK FERRARA**
**TO TESTIFY REMOTELY AT THE PRELIMINARY INJUNCTION HEARING**

Pursuant to Fed. R. Civ. P. 43(a), Defendants Triangle Experience Group, Inc., Robert Clare, and Jeffrey Mase (together, the "TEG Defendants") respectfully request the Court to permit their expert witness, Nick Ferrara, to testify during the April 24, 2025, preliminary injunction hearing by contemporaneous transmission from a location remote from the Courthouse. Mr. Ferrara is willing and able to testify at the hearing, but is unable to appear in person due to a prior speaking commitment at the American Bar Association 2025 Business Law Spring Meeting taking place April 24-26, 2025 in New Orleans.

In support of this motion, the TEG Defendants, through counsel, respectfully state:

1.      Nick Ferrara is a senior IT litigation consultant employed by DisputeSoft, an independent consulting firm in North Bethesda, Maryland specializing in software dispute consulting, e-discovery, and computer forensics. Mr. Ferrara has been retained by counsel for the TEG Defendants to act as an independent technical expert in this litigation generally and with respect to the preliminary injunction hearing specifically.

2.      To that end, on January 31, 2025, Mr. Ferrara provided a written expert report in accordance with Fed. R. Civ. P. 26(a)(2). (Dkt. 124-8.)

3.      Plaintiff took Mr. Ferrara's deposition on February 19, 2025.

4.      After the preliminary injunction briefing was completed, Plaintiff requested an evidentiary hearing on the preliminary injunction motion. (Dkt. 153.)

5.      On March 21, 2025, the Court issued an Order scheduling the preliminary injunction hearing to take place on April 24, 2025. (Dkt. 161.)

6.      Soon thereafter, counsel for the TEG Defendants contacted Mr. Ferrara to let him know that the Court had scheduled the evidentiary hearing for April 24.

7.      As noted in the attached Declaration of Nick Ferrara, Mr. Ferrara informed counsel that it would be impossible for him to appear in person for the hearing because he is a featured speaker at the America Bar Association (ABA) 2025 Business Law Spring Meeting taking place at the same time from April 24-26, 2025 in New Orleans. Mr. Ferrara is speaking as part of a continuing legal education seminar on source code review for litigators and transactional lawyers that was proposed for inclusion in the conference in October 2024 and confirmed as part of the conference in January 2025. Thus, this has been a firm commitment of Mr. Ferrara since well prior to Max Minds, LLC's ("Max") request for an evidentiary hearing and the Court's Order scheduling the hearing.

8.      Mr. Ferrara will be speaking at the conference in New Orleans during the morning on April 24. He will therefore be available to testify by contemporaneous transmission from New Orleans in the afternoon hours.

9.      Federal Rule of Civil Procedure 43(a) allows for witness "testimony in open court by contemporaneous transmission from a different location" on a showing of "good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a).

10.    Good cause and compelling circumstances exist to permit Mr. Ferrara to testify remotely by contemporaneous transmission because neither the TEG Defendants nor Mr. Ferrara could have expected that the precise date the Court would schedule the evidentiary hearing would fall on the same day that Mr. Ferrara must be present in New Orleans for a commitment that was confirmed months before in January 2025.

11.    Moreover, Plaintiff will suffer no prejudice by Mr. Ferrara's remote appearance. Plaintiff's prior February 19, 2025, deposition of Mr. Ferrara provided Plaintiff with the opportunity to view and weigh Mr. Ferrara's demeanor and credibility, and to examine his opinions. Plaintiff will not be prejudiced.

12.    Finally, The TEG Defendants will adhere to any safeguards the Court may find appropriate such as the use of certain technology the Court finds most suitable for the courtroom.

13.    Mr. Ferrara remains able to testify contemporaneously in real time on the scheduled hearing date for this case after his morning speaking engagement concludes sometime in the early afternoon. However, his required presence in New Orleans for his speaking engagement at the ABA Business Law Spring Meeting makes it impossible for Mr. Ferrara to be present in person at the Indianapolis Courthouse on April 24.

WHEREFORE, the TEG Defendants respectfully move the Court to permit Nick Ferrara to testify at the preliminary injunction hearing by contemporaneous video transmission.

Dated: April 2, 2025

Respectfully submitted,

Alexander P. Orlowski, Atty. No. 30794-29
Amanda Jane Gallagher, Atty. No. 32662-79
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 566-1110
Fax: (317) 636-1507
alexander.orlowski@btlaw.com
amanda.gallagher@btlaw.com

*/s/ Richard D. Kelley*
Richard D. Kelley, *admitted pro hac vice*
Kandis M. Koustenis, *admitted pro hac vice*
Samuel J. Banks, *admitted pro hac vice*
**BEAN KINNEY & KORMAN, PC**
2311 Wilson Boulevard, Suite 500
Arlington, VA 22201
Tel: (703) 525-4000
Fax: (703) 525-2207
rkelley@beankinney.com
kkoustenis@beankinney.com
sbanks@beankinney.com

Heather J. Kliebenstein, *admitted pro hac vice*
**MERCHANT & GOULD**
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
hkliebenstein@merchantgould.com

*Counsel for Triangle Experience Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2025, a copy of the foregoing document was filed electronically using the CM/ECF system, which will send notification of such filing (NEF) to counsel of record.

*/s/ Richard D. Kelley*