UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Case No. 1:24-cv-00779-JPH-MG

MAX MINDS, LLC,

        Plaintiff,

v.

TRIANGLE EXPERIENCE GROUP, INC.,
ROBERT EDWARD CLARE AND JEFFREY
MASE,

        Defendants.

**MOTION FOR LEAVE TO PRESENT REMOTE EXPERT TESTIMONY AT HEARING ON MOTION FOR PRELIMINARY INJUNCTION OF PLAINTIFF'S EXPERT OR FOR LEAVE TO PRESENT PLAINTIFF'S EXPERT BY VIDEO DEPOSITION**

Plaintiff MAX MINDS, LLC ("Max") by and through its undersigned counsel hereby moves this Honorable Court for an Order permitting Plaintiff's Expert, Robert Zeidman, to testify by remote means on behalf of Max at the April 24, 2025 hearing on Plaintiff's Amended Motion for Preliminary Injunction, or in the alternative to present the testimony of plaintiff's expert by video deposition, and as grounds therefore states as follows:

    1.    Max's expert witness Robert Zeidman is a software forensics expert who has consulted on over 280 matters involving intellectual property disputes including instances of alleged software copying, trade secret misappropriation, and patent infringement. Zeidman's work in this capacity includes, among other things, reviewing and analyzing software source code. Mr. Zeidman's report in support of Max's motion was filed on September 4, 2024. (Docket No. 105-024).

2. Mr. Zeidman lives and works in Las Vegas, Nevada. (See Docket No. 105-024, Ex. A). Max anticipates that Mr. Zeidman's direct testimony will consume less than thirty (30) minutes. Mr. Zeidman's testimony will be limited to his performance of and analysis of a comparison between Max's source code and the source code publicly exposed by TEG on the Internet. The purpose for the presentation of Mr. Zeidman's testimony is to demonstrate that defendant Triangle Experience Group, Inc. ("TEG") is in possession of and creating derivative works of Max's source code. TEG chose not to take Mr. Zeidman's deposition prior to the hearing.

3. In opposition to the Amended Motion for Preliminary Injunction, TEG did not dispute that TEG is developing derivative works for Max's source code.

4. TEG requested to present its expert witness remotely. (Docket No. 124). Max consents to TEG's motion.

5. Max requested TEG agree that the parties take their own expert witnesses' video depositions *de bene esse* remotely and then permit the other side cross examination prior to the hearing and permit the Court to watch the testimony or review the transcripts or both either in court at the hearing or at the court's convenience. TEG refused to agree to this procedure.

## ARGUMENT

Permitting Max to present the testimony of its expert who resides in Las Vegas in court by remote video on April 24, 2025, would serve the interests of justice, limit the plaintiff's costs associated with the hearing, and provide the Court with the necessary evidence to make a determination on the motion. Alternatively, permitting plaintiff to present the testimony of its expert by a video deposition subject to cross examination by TEG would also provide the Court

with the necessary evidence while limiting the parties' costs and giving the Court the time to review the testimony at its convenience.

The Court may grant this motion without the need for a good cause showing. Fed. R. Civ. P. Rule 43(a)'s requirement that good cause be shown before leave for remote video appearances applies only to trials, not hearings. *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, No. 1:14-cv-06-RLM-SLC, 2015 U.S. Dist. LEXIS 144488, at *6-7 (N.D. Ind. Oct. 19, 2015) ("Hartford Iron says the order allowing the videoconferenced testimony doesn't comply with Federal Rule of Civil Procedure 43(a). It doesn't have to do so.") The rule applies by its plain terms to hearings in **"In Open Court. At trial"** and not to pre-trial hearings like the hearing on Max's motion for preliminary injunction. *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 676 (1st Cir. 1992) ("Under its own explicit terms, Rule 43(a) applies 'in all trials,' but not in pretrial proceedings"). "[W]ith respect to preparing for ruling on a pending motion, a trial judge has, under Federal Rules, explicit authority to convene a kind of evidentiary proceeding that differs from taking evidence at trial under Federal Rule of Civil Procedure 43(a)." *Recupero v. New Eng. Tel. & Tel. Co.*, 118 F.3d 820, 833 (1st Cir. 1997).

Max does not object to TEG's expert testifying remotely. Max should be similarly permitted to present its expert remotely. Alternatively, Max should be permitted to preserve the testimony of its expert witness at a video deposition and submit this video deposition and transcript to the court for consideration in deciding the motion.

WHEREFORE, Plaintiff MAX MINDS, LLC prays this Honorable Court for an Order allowing Plaintiff's Expert Robert Zeidman to testify remotely at the April 24, 2025, hearing, or for leave to present Mr. Zeidman's testimony by video deposition, and for such other and further relief as to this Court deems just and proper in the premises.

| | |
|---|---|
| Dated: April 4, 2025 | Respectfully submitted, |

*/s/ J. Campbell Miller*
J. CAMPBELL MILLER
Bar Number: 38279-49
campbell.miller@sriplaw.com

**SRIPLAW, P. A.**
742 South Rangeline Road
Carmel, Indiana 46032
332.600.5599 – Telephone
561.404.4353 – Facsimile

and

JOSEPH A. DUNNE (*Pro Hac Vice*)
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, Indiana 10010
929.200.8446 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN (*Pro Hac Vice*)
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, Indiana 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

and

*/s/ Philip D Sever*

PHILIP D SEVER
Bar Number: 25384-49
phil@landownerattorneys.com

**SEVER, STORY, WALKER**
742 South Rangeline Road
Carmel, IN  46032
317.961.1202 - Telephone

*Counsel for Plaintiff Max Minds, LLC*